Samuel M. Gold, J.
This proceeding presents two questions, only one of which has merit. The first concerns compliance with the rules promulgated by the Board of Elections in connection with the service of specifications to the objections to a *678 nominating petition of the City Fusion Party containing 6,261 signatures. Said petition purports to nominate the following candidates: Bobert F. Wagner, for Mayor of the City of New York; Lawrence E. Gerosa, for Comptroller of the City of New York; Abe Stark, for President of the City Council; who designate the following committee to fill vacancies: Jacob Padawer, Gabriel A. Wechsler, Jack E. Levine, Muriel Weatherston and Herman Jaffe.
The same petition also purports to nominate the following candidates: Albert V. Maniscalco, for President, Borough of Bichmond; Edward V. Curry, Councilman of the City of New York from 19th Senatorial District, Bichmond; who designate the following committee to fill vacancies: Solomon B. Agar, Vincent M. Webb and Margaret K. Porazzi.
An objection was filed in the Board of Elections against the ‘ ‘ Maniscalco ’ ’ petition and thereafter specifications. to said objections were filed in the Board of Elections and a copy of the specifications was served upon Jacob Padawer, the first person named on the committee to fill vacancies for the candidates Bobert F. Wagner, Lawrence E. Gerosa and Abe Stark. Based upon the specifications filed, the Board of Elections, over the objection of the petitioners who claimed that the specifications should not be considered for the reason that a copy of the specifications had not been served upon the proper person, found that 3,558 signatures were invalid for various reasons, leaving a total of 2,703 valid signatures. This was 167 signatures short of the required amount, and the Board of Elections ruled the petition to be invalid.
Under section 145 of the Election Law, among other things, the Board of Elections is empowered to make rules with reference to the filing of objections and specifications to nominating petitions. Acting under the authority thus given, the board promulgated certain rules and regulations governing objections and specifications. The rules require that the “ specifications, in writing, must set forth in detail the page number and the line number of the signature objected to * * *. A duplicate copy of the specifications must be served upon or mailed by registered mail, * * * by the person filing the same to the first person named on the Committee of Vacancies on the petition objected to.”
The purpose of the rule is to allow an opponent an opportunity to defend his petition. The provisions of the rule with respect to service is not a mere procedural directive, but is mandatory and may not be disregarded (Matter of Rafferty v. Cohen, 268 App. Div. 860).
*679 It is conceded herein that a copy of the specifications to the “ Maniscalco ” petition was not served upon Solomon E. Agar, although he was the person required to be served under the rules. The facts also disclose that it was not served upon any of the persons named in 4 4 Maniscalco’s ’ ’ committee of vacancies. It was, in fact, served upon Jacob Padawer, the first person named by Wagner, G-erosa and Stark.
Under such circumstances, the determination of the Board of Elections based upon specifications not duly served as required by the rules, was improper.
The second issue raised relates to several sheets of the petition containing 193 signatures, which were invalidated by the Board of Elections on the ground that the subscribing witness was not registered. It is conceded by stipulation that if these sheets were restored by the court, the nominating petition would have the required number of signatures and be valid.
It appears that all of the subscribing witnesses are registered. However, wrong election districts and/or assembly districts for the year of last registration, as contained in the statement of witnesses, have consistently been held by our courts to be fatal defects, calling for the invalidation of the entire sheet.
The petitioners’ contention with reference to the first issue raised is sustained for the reasons above set forth and the petition is held to be valid. Motion is granted and the Board of Elections is directed to place the names of the petitioners as candidates on the official ballots and voting machines to be used on the coming general election. Order signed.