In the Matter of ALBERT V. MANISCALCO et al., Respondents, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and TIMOTHY W. COSTELLO, Appellant.

First Department, October 28, 1957.

*Philip Zichello* for appellant.

*Jack E. Levine* for Albert V. Maniscalco and others, respondents.

*Beatrice Dunn* for James M. Power and others, respondents.

BERGAN, J. The petition instituting this judicial proceeding pursuant to section 330 of the Election Law was verified by one of the two petitioners who are candidates for office in the same county and whose legal rights and interests are identical. The

verification of the petition by one of the parties is sufficient (Rules Civ. Prac., rule 99).

The respondent-appellant who filed objections to the nominating petition is the true adverse party in the judicial proceeding and his presence before the court is sufficient without adding candidates of other parties for the office in question who are not necessary parties to the controversy. The actual adverse parties to this controversy, therefore, are before the court.

The rules adopted by the board of elections require that a duplicate copy of specifications by a party objecting to a nominating petition be served on the first person named as a member of the committee on vacancies in the nominating petition to which objection is made. That was not done here.

It appears from the copy of the independent nominating petition made a part of this record that Solomon R. Agar is the first person whose name appears as a member of the committee to fill vacancies on the nominating petition here in issue. Timely objection was taken before the board by Mr. Agar to the failure to serve specifications upon him. Hence the board ought not to have sustained the objections which were not properly before it on the merits in view of the failure to comply with its own rules as to notice. The board's rule is consistent with the general policy of fair play laid down by the Election Law.

The argument by the respondent that the board acted independently on its own investigation to invalidate the nominating petition is conclusively met by the official minutes of the board which are filed with us and which show that in so ruling it stated on the record that "the objections be sustained and the petition declared invalid."

This judicial proceeding is maintained in pursuance of subdivision 1 of section 330 of the Election Law, to which the limitations upon the time of entry of the final order imposed by subdivision 2 do not apply.

It is not necessary for us to reach or decide the question of the underlying merits of the objections to the nominating petition.

The order overruling the special appearance and order annulling the determination of the board of elections should each be affirmed.

RABIN, J. P., FRANK, VALENTE and McNALLY, JJ., concur.

Orders so appealed from are unanimously affirmed, and leave is granted to the respondent-appellant to appeal to the Court of Appeals.