■     In the Matter of LORNE A. BENNETT et al., Respondents, v ALAN J. JUSTIN, Appellant, and NEW YORK STATE BOARD OF ELECTIONS, Respondent. —Appeal from a judgment of the Supreme Court at Special Term, entered August 22, 1980 in Albany County, which granted petitioners' application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the designating petition designating appellant as a candidate of the Democratic Party for the office of State Senator from the 58th Senate District in the September 9, 1980 primary election. Petitioners challenge the validity of the designating petition herein on the ground that the certificate authorizing the designation of appellant, an enrolled Republican, as a candidate of the Democratic Party for the office of State Senator from the 58th Senate District, although timely filed, is invalid because it lists the improper body as having rendered the authorization. In our view, petitioners lack standing to maintain this proceeding alleging failure of compliance with subdivision 3 of section 6-120 of the Election Law. As explained by the Court of Appeals, the predecessor to subdivision 3 of section 6-120 of the Election Law "has as its purpose the regulation of the affairs of a political party and is intended to have as its beneficiaries, only members of that political party or one who asserts that he was entitled to the authorization thereunder. It is of no interest to others that formalities have not been followed, so long as the purpose of subdivision 4 of section 137 is not frustrated. It is crucial that no issue is raised as to the authorization expressing the will of the party committee." *(Matter of Wydler v Cristen-*

*feld,* 35 NY2d 719, 720.) Thus, objectors Quaal and candidate Volker, who are enrolled Republicans, lack standing. The designating petition at issue herein was filed on July 25, 1980. Objections must be filed within three days after the filing of the petition to which objection is made (Election Law, § 6-154, subd 2). "The time starts to run from *the date of filing* of the petition * * * and not the last day on which petitions * * * may be filed." (Gassman, Election Law [2d ed], § 73, p 416.) No objections herein were filed until after July 28, 1980 and thus they were untimely (Election Law, § 6-154, subd 2). Moreover, objectors Bennett and Redding failed to deliver or mail a duplicate copy of the specifications to the candidate, as required by the rules of the Board of Elections (9 NYCRR 6204.1, [b]). Failure to comply with the rules of the board has been held to be a fatal defect *(Matter of Maniscalco v Power,* 4 AD2d 479, affd 3 NY2d 918; *Matter of Ryder v Power,* 4 AD2d 828, affd 3 NY2d 894). Thus, objectors Bennett and Redding lack standing. Accordingly, since none of the petitioners have standing to maintain this proceeding, the judgment must be reversed, and the petition dismissed. Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Greenblott, Kane, Casey and Herlihy, JJ., concur.