■ CHAPPAQUA COMMONS, INC., Appellant, v THOMAS W. MULLANE, Respondent. — In an action for specific performance of a contract to sell real property, the plaintiff purchaser appeals from an order of the Supreme Court, Westchester County (Delaney, J.), dated August 15, 1983, which denied its motion for summary judgment pursuant to CPLR 3212. ¶ Order affirmed, without costs or disbursements. ¶ Under the facts of this case, especially the limited down payment of $1,000 on a $135,000 transaction, whether the cancellation clause was for the benefit of the seller as well as the buyer was a fact issue. Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.

■ ROCCO CORNACCHIA et al., Appellants, v MOUNT VERNON HOSPITAL et al., Defendants, and GLORIA TANG, Respondent. — Two orders of the Supreme Court, Westchester County (Gagliardi, J.), dated September 21, 1983 and November 17, 1983, respectively, affirmed, without costs or disbursements. (Cf. CPLR 3403, subd [a], par 4.) Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.

■ DOREEN CORPAS, an Infant, by Her Father and Natural Guardian, JOHN M. CORPAS, et al., Appellants, v COPIAGUE UNION FREE SCHOOL DISTRICT, Respondent, et al., Defendants. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 3, 1982, which, *inter alia,* granted the Copiague Union Free School District's motion to dismiss the complaint as against it for failure to commence the action within the applicable Statute of Limitations. ¶ Order affirmed, with costs. ¶ Although plaintiffs served a timely notice of claim upon the respondent, they failed to commence their action within one year and 90 days after they attained the age of 18 years. ¶ While CPLR 208 tolls the Statute of Limitations during the infants' minority, they must bring their action within the appropriate time limitation once they reach their majority. In this matter, the appropriate time limitation was one year and 90 days (General Municipal Law, § 50-i). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.