■ FRED AVERY et al., Appellants, v VILLAGE OF GROTON, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Ellison, J.), entered August 20, 1985 in Tompkins County, which granted defendant's motion to dismiss the complaint.

Because defendant allegedly negligently maintained a municipal storm sewer drain, plaintiffs' home suffered water damage in December 1983 and again in February 1984. A notice of claim was served upon the municipality on February 20, 1984 and a complaint, seeking money damages, was served on May 16, 1985. Significantly, no summons accompanied the complaint; indeed, at no time has a summons been served.

After the applicable Statute of Limitations period had expired, defendant successfully moved pursuant to CPLR 3211 (a) (2) and (8) to dismiss the complaint for want of jurisdiction and on the further ground that the action was time barred. Plaintiffs' appeal presents but one issue: whether jurisdiction was acquired over defendant.

A prerequisite to the commencement of a civil action is the proper service of a summons (CPLR 304). Since plaintiffs admit no such service was ever made, Special Term was bound to dismiss plaintiffs' action (see, *Markoff v South Nassau Community Hosp.*, 61 NY2d 283, 286). As for plaintiffs' contention that their notice of claim served the purpose of a notice of petition in a special proceeding and, hence, its service satisfied CPLR 304, a like argument—that service of a notice of claim without more is enough to confer jurisdiction over a municipal defendant—was considered and rejected in *Palmisano v Capital Dist. Transp. Auth.* (54 AD2d 787).

In short, a notice of claim is not a substitute for a summons or for a notice of petition in a special proceeding, but an additional requirement to be met when suit is commenced against a municipality.

Order affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.