■ In the Matter of DANIEL M. GREGORIO et al., Appellants, v EDWIN HARRIS et al., Respondents.—Order unanimously reversed on the law without costs and petition granted. Memorandum: The delivery of the petitions to the Assistant Deputy Commissioner within the time limits, at a place other than at the Board of Elections, with the understanding that she would file them in the office of the Board, does not comply with the statutory requirement that the petitions be filed in the office of the Board of Elections (see, Election Law § 6-144; Matter of Lauer v Board of Elections, 262 NY 416). The failure to file the petitions within the time prescribed is a fatal defect (Election Law § 1-106 [2]). (Appeal from order of Supreme Court, Erie County, Sedita, J.—Election Law.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ. (Order entered Aug. 24, 1989.)

■ In the Matter of PAUL K. ZOGBY, Respondent, v ANGELA P. LONGO et al., Constituting the Board of Elections of the County of Oneida, Respondents, and ROBERT D. SULLIVAN, Appellant.—Order unanimously affirmed without costs. Memorandum: Objector failed to comply with 9 NYCRR 6204.1 (b) by failing to serve a copy of the specifications of objections upon the candidate on or before the date of the filing of the specifications and by failing to file proof of such service prior to the hearing on the specifications. Those failures deprived the Board of Elections of jurisdiction to pass upon the objections (see, Matter of Bennett v Justin, 77 AD2d 960, affd 51 NY2d 722). (Appeal from order of Supreme Court, Oneida County, Grow, J.—Election Law.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ. (Order entered Aug. 24, 1989.)