■ ESTHER NEURINGER, Individually and as Administratrix of the Estate of SYBIL M. NEURINGER, Deceased, et al., Respondents, v COUNTY OF WESTCHESTER et al., Defendants, and VILLAGE OF MAMARONECK, Appellant.—In an action to recover damages for personal injuries and wrongful death, the defendant Village of Mamaroneck appeals from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), dated February 27, 1990, which, *inter alia,* denied those branches of its motion which were to dismiss as time barred the plaintiffs' second, fourth and fifth causes of action (denominated the second cause of action on behalf of plaintiff Sybil M. Neuringer, first cause of action on behalf of plaintiff Esther Neuringer, and second cause of action on behalf of plaintiff Esther Neuringer), insofar as they are asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the appellant's motion which were to dismiss the plaintiffs' second, fourth and fifth causes of action insofar as they are asserted against it are granted.

On September 8, 1988, nine-year old Sybil M. Neuringer was struck by a motor vehicle while she was attempting to cross Palmer Avenue in Mamaroneck, New York. At the moment of impact, Sybil's sister, Megan Sarah Neuringer, was standing immediately behind her, and witnessed the occurrence. Six days later, on September 14, 1988, Sybil died of massive brain and other injuries.

On December 6, 1989, the plaintiffs' attorney served a complaint upon the defendant Village, claiming damages, *inter alia,* for wrongful death and the deceased child's conscious pain and suffering; however, he neglected to serve a summons. After this deficiency was brought to his attention, a summons was served upon the defendant Village on December 26, 1989.

General Municipal Law § 50-i provides that a tort action against a municipality, other than for wrongful death, must be commenced within one year and 90 days after the accrual of the cause of action.

The plaintiffs' first cause of action to recover damages for wrongful death, which is governed by a two-year Statute of Limitations *(see,* General Municipal Law § 50-i), and the third cause of action to recover damages for psychological injuries to the decedent's twin sister, which is tolled for infancy *(see,*

CPLR 208; *Corpas v Copiague Union Free School Dist.,* 100 AD2d 951) were timely interposed upon service of the summons on December 26, 1989; however, the remaining causes of action are time barred.

"An action is commenced and jurisdiction acquired by service of a summons" (CPLR 304; *cf.,* CPLR 203 [a], [b]). Since the summons was not served until after December 8, 1989, the court was bound to dismiss those claims governed by the one-year and 90-day Statute of Limitations *(see, Avery v Village of Groton,* 132 AD2d 784; *Palmisano v Capital Dist. Transp. Auth.,* 54 AD2d 787; *see also, Markoff v South Nassau Community Hosp.,* 61 NY2d 283). The appellant was not equitably estopped from making the instant motion by having requested an extension of time to answer on December 13, 1989, some five days after the Statute of Limitations had already run. Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.