■ In the Matter of JUDITH E. YOUNG, Respondent, v FRAN THALMANN et al., as Commissioners of the Sullivan County Board of Elections, Respondents, and MORRIS C. SMITH, Appellant. [729 NYS2d 221] —Per Curiam. Appeal from a judgment of the Supreme Court (Kane, J.), entered August 9, 2001 in Sullivan County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Morris C. Smith as the Republican Party candidate for the office of Member of the Town Council of the Town of Mamakating in the September 11, 2001 primary election.

A designating petition naming respondent Morris C. Smith as the Republican Party candidate for Member of the Town Council of the Town of Mamakating in Sullivan County was filed in the office of the Sullivan County Board of Elections (hereinafter the Board). As here relevant, petitioner filed objections thereto with specifications claiming that Smith's petition did not have the requisite number of valid signatures. After a review of petitioner's objections, the Board found that 40 of the 136 signatures were invalid for various reasons and ruled that Smith's designating petition was invalid because it was eight signatures short of the required amount. Despite Smith's contention that the objections should not have been considered because petitioner failed to serve him with a copy of the objections and specifications as required by a duly adopted local rule of the Board, Supreme Court upheld the invalidation of the designating petition. This appeal followed.*

Election Law § 6-154 (2) empowers county boards of elections to adopt their own rules (*see, Matter of Grancio v Coveney*, 60

---

* Respondents Commissioners of the Sullivan County Board of Elections have not appealed from this judgment.

NY2d 608). In 1995, the Board adopted, as a local rule, the requirements of 9 NYCRR 6204.1 (b) pertaining to the specification of objections to designating and nominating petitions. Such rule states that "[n]o specifications of objections to any petition will be considered by the board unless the objector filing the specifications personally delivers or mails by registered or certified mail a duplicate copy of the specifications to each candidate for public office named on the petition." As aptly noted by Supreme Court, the purpose of the service requirement is to ensure that an opponent is provided with the opportunity to defend against any challenges to the petition (*see, Matter of Maniscalco v Power*, 8 Misc 2d 677, 678, *affd* 4 AD2d 479, *affd* 3 NY2d 918).

It is conceded that petitioner failed to serve a copy of the specifications on Smith in accordance with the provisions of the Board's local rule. Supreme Court concluded, however, that petitioner could not be charged with notice of such service requirements because the rule is not publicly displayed and the Board failed to follow its usual procedure of providing a copy of the rule to petitioner at the time the objections were filed. We disagree. Respondent Fran Thalmann and the Deputy Commissioner of Elections for the Board averred that the rule was duly adopted in accordance with the Election Law by its filing and recording in the Board's minute book on July 10, 1995. Although a copy of the local rule was behind the counter and not publicly displayed, such rule was still a matter of public record (*see*, Election Law § 3-212 [3]; *see, e.g., Griest v Hooey*, 205 Misc 396, 401; *Ambrosio v Zoning Bd. of Appeals*, 196 Misc 1005).

Since the rule is "mandatory and may not be disregarded" (*Matter of Maniscalco v Power, supra*, at 678), petitioner's failure to abide by the mandatory service provisions thereof deprived the Board of jurisdiction to properly consider the objections and thereafter rule to invalidate the petition (*see, Matter of Maniscalco v Power*, 4 AD2d 479, 480, *affd* 3 NY2d 918; *see, e.g., Matter of Zogby v Longo*, 154 AD2d 889; *Matter of Bennett v Justin*, 77 AD2d 960, *affd* 51 NY2d 722).

Cardona, P. J., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application to invalidate the designating petition naming respondent Morris C. Smith as the Republican Party candidate for the office of Member of the Town Council of the Town of Mamakating; petition dismissed to that extent; and, as so modified, affirmed.