Matter of Neal v Liscum (2018 NY Slip Op 06070)





Matter of Neal v Liscum


2018 NY Slip Op 06070


Decided on September 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2018


[*1]In the Matter of DIANE NEAL, Appellant,
v
RIMA LISCUM, Respondent, et al., Respondent.

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Devine, Clark, Mulvey and Pritzker, JJ.


Michael G. Scala, Deer Park, for appellant.
Greenberg Traurig, LLP, Albany (Robert M. Harding of counsel), for Rima Liscum, respondent.



MEMORANDUM AND ORDER
Per Curiam.
Appeal from an order of the Supreme Court (O'Connor, J.), entered September 4, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the nominating petition naming petitioner as the Friends of Diane Neal candidate for the public office of Member of the United States House of Representatives for the 19th Congressional District in the November 6, 2018 general election.
A nominating petition naming petitioner as the Friends of Diane Neal candidate for the public office of Member of the United States House of Representatives for the 19th Congressional District in the November 6, 2018 general election was filed with respondent State Board of Elections. Respondent Rima Liscum filed specifications of objections with the State Board challenging the validity of various signatures on the petition. The State Board, over petitioner's objections as to the proper service of the specifications of objections on petitioner, determined that the nominating petition was invalid, after it sustained the challenge to the validity of numerous signatures.
Petitioner commenced this proceeding pursuant to Election Law § 16-102 to validate her nominating petition, asserting that the State Board was without jurisdiction to consider Liscum's challenge thereto because Liscum did not properly serve petitioner with the specifications of objections. Supreme Court, finding that petitioner had actual notice and an opportunity to defend against the specifications of objections, dismissed the petition. Petitioner appeals.
9 NYCRR 6204.1 (b) provides that "[n]o specifications of objections to any petition will be considered by the [State B]oard unless the objector filing the specifications personally delivers or mails by registered or certified mail a duplicate copy of the specification[s] to each candidate for public office named in the petition . . . on or before the date of filing of [the] specifications with the [State B]oard" (emphasis added). Suffice it to say, the elemental prerequisite of any service [*2]requirement is that a party is served with the correct documents (see e.g. CPLR 304; 9 NYCRR 6204.1; see generally Avery v Gordon, 132 AD2d 784, 785 [1987]). Plainly, this did not occur. Here, petitioner was not served with "a duplicate copy" of the specifications of objections, but was instead served with specifications of objections related to another candidate. Moreover, even assuming, without deciding, that the service upon petitioner of an order to show cause and supporting papers seeking to invalidate the nominating petition — which contained the specifications of objections related to petitioner — could serve to remedy the original defect, such service was not effectuated "on or before the date of filing of [the] specifications with the [State B]oard" (9 NYCRR 6204.1 [b]). Further, the fact that petitioner thereafter actually received the correct specifications is irrelevant, as "notice received by means other than those authorized . . . cannot serve to bring [the objections] within the jurisdiction of the [State Board]" (Feinstein v Bergner, 48 NY2d 234, 241 [1979]; see Raschel v Rish, 69 NY2d 694, 697 [1986]; Macchia v Russo, 67 NY2d 592, 595 [1986]; Clarke v Smith, 98 AD3d 756, 756 [2012]). Inasmuch as 9 NYCRR 6204.1 (b) is "'mandatory and may not be disregarded,'" we are constrained to conclude that "[Liscum's] failure to abide by the mandatory service provisions thereof deprived the [State] Board of jurisdiction to properly consider the objections and thereafter rule to invalidate the petition" (Matter of Young v Thalmann, 286 AD2d 550, 551 [2001], quoting Matter of Maniscalo v Power, 8 Misc 2d 677, 678 [1957], affd 4 AD2d 479 [1957], affd 3 NY2d 918 [1957]; see Matter of Zogby v Longo, 154 AD2d 889, 889 [1989]; Matter of Bennett v Justin, 77 AD2d 960, 961 [1980], affd 51 NY2d 722 [1980]).
Egan Jr., J.P., Devine, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, petition granted, and it is declared that the nominating petition naming petitioner as the Friends of Diane Neal candidate for the public office of Member of the United States House of Representatives for the 19th Congressional District in the November 6, 2018 general election is valid.