(August 22, 1980)

■ In the Matter of CARL I. BUTLER et al., Petitioners, v FRANK X. GARGIULO et al., Constituting the Board of Elections of the City of New York, Respondents. In the Matter of JOHN FLATEAU, Appellant, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and CARL I. BUTLER et al., Respondents.—In proceedings, *inter alia,* to invalidate petitions designating Carl I. Butler et al., as candidates in the Democratic Party primary election to be held on September 9, 1980 for certain public and party offices including the public office of Member of the Assembly from the 56th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 21, 1980, which dismissed the proceeding to invalidate said designating petitions. Judgment affirmed, without costs or disbursements. We agree with Special Term that the instant proceeding to invalidate certain designating petitions must be dismissed for lack of jurisdiction. The order to show cause which was signed on the last day for commencing this proceeding provided for service upon the candidates by affixing the aforesaid order to show cause and other relevant papers to the door of the residence of each candidate and by placing the said papers in the mail, both to be done on that date. Petitioner apparently mailed the papers on that date via certified mail with return receipt requested rather than by ordinary mail. Candidate Carl I. Butler interposed a jurisdictional objection, and a traverse hearing was held. At that hearing no proof was offered of actual receipt of the order to show cause by respondent Carl I. Butler. Furthermore, it was brought out that the petitioner attempted to serve Audrey Butler and Carl T. Butler by including copies of the order to show cause and the other relevant papers in the envelope addressed to Carl I. Butler. Under these circumstances, we hold that the attempted service by certified mail, return receipt requested, on the last day this proceeding could be commenced, was ineffectual, as the use of such mail is likely to result in a failure of timely delivery of notice of the proceeding (cf. *Matter of King v Cohen,* 293 NY 435; *Matter of Freiberger v O'Toole,* 2 Misc 2d 191, affd 2 AD2d 678).* It cannot be said that this mode of delivery was reasonably calculated to give timely notice to the necessary parties. Additionally, the placing of three orders to show cause in one envelope, addressed to a single addressee, was not in strict compliance with the requirements set forth in the order to show cause which provided for service of the papers in a "duly postpaid wrapper, addressed to such respondent candidate". Inasmuch as the mode of service provided for in the order to show cause is jurisdictional in nature and must be complied with *(Matter of Bruno v Ackerson,* 51 AD2d 1051, affd 39 NY2d 718), Special Term properly dismissed the proceeding. Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.

---

* In fact, as indicated there is no proof that such service was ever effected.