## (August 28, 1981)

■ In the Matter of ROBERT C. BUHLMANN, Respondent-Appellant, v SANDRA LeFEVER et al., Respondents, and MARY HESSON et al., Appellants-Respondents. — In a proceeding to, *inter alia,* invalidate petitions designating James J. Trainor, Mary Hesson and Nicholas L. Vertullo as candidates in the Conservative Party Primary Election to be held on September 10, 1981 for the public offices of County Legislators from the Town of Ramapo, the cross appeals are from a judgment of the Supreme Court, Rockland County (Slifkin, J.), dated August 21, 1981, which granted the application but permitted write-in votes. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed and the board of elections is directed to place the names of James J. Trainor, Mary Hesson and Nicholas L. Vertullo on the appropriate ballot. The application to permit write-in votes is denied. The order to show cause, dated August 12, 1981, provided for service of the papers upon the candidates by delivery of copies thereof to Frederick P. Roland, their alleged attorney, or, if personal service could not be so made, then service could be made by substituted service. The order to show cause provided for substituted service "to be made on or before 5:00 P.M. on the 13th day of August, 1981, and [that it] shall be deemed good and sufficient service thereof." The return date for the proceeding was August 14. The record discloses that the court mistakenly relied upon the representation of attorney Roland that he could and would accept service on behalf of the candidates. On August 12, attorney Roland was personally served. However, he was not authorized to accept service and did not actually represent the candidates. Accordingly, the candidates are not

bound by the aforesaid service. Petitioner was timely notified of that fact and personally served Vertullo on August 12. Unable to personally serve Trainor or Hesson, petitioner attempted to employ a method of substituted service. Petitioner (1) affixed the order to show cause and other relevant papers to the outside wall of the residences of Trainor and Hesson, one foot from the front door of each such residence (screens precluded attachment of the papers to the doors) and (2) mailed the papers via first class mail and via certified mail on August 13, the last day permitted for commencing the proceeding. Attempted service by certified mail or by first class mail on the last day service could be made was inadequate and ineffectual to institute the proceeding under subdivision 2 of section 16-102 of the Election Law. It cannot be said that this mode of service was reasonably calculated to give timely notice to the necessary parties (cf. *Matter of Butler v Gargiulo,* 77 AD2d 939; *Matter of Radda v Acito,* 54 AD2d 531; *Matter of Loucky v Buchanan,* 49 AD2d 797). Inasmuch as Trainor and Hesson are necessary and indispensable parties, the untimeliness of service requires dismissal of this proceeding. Damiani, J. P., Gibbons, Gulotta and Bracken, JJ., concur.