■ In the Matter of MARQUETTE L. FLOYD, Respondent, v FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and EDWARD J. KILEY, Appellant. — In a proceeding to invalidate petitions designating Edward J. Kiley as a candidate in the Conservative Party Primary Election to be held on September 10, 1981 for the public office of District Court Judge, 2nd District, Town of Babylon, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 21, 1981, which granted the application. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed and the board of elections is directed to place Edward J. Kiley's name on the appropriate ballot. We disagree with Special Term's determination that petitioner's proceeding to invalidate Edward J. Kiley's designating petitions was timely commenced. Service of the order to show cause was effected by mailing a copy of the papers to Kiley via ordinary mail on the last day for commencing this proceeding. The papers were not actually received by Kiley, however, until two days later. Notwithstanding that such mailing was in accordance with the mode of service provided in the order to show cause, it nevertheless was ineffectual. Mailing on the last day for commencing this proceeding cannot be said to have been reasonably calculated to give timely notice to Kiley (see *Matter of Contessa v McCarthy,* 40 NY2d 890; *Matter of Buhlmann v LeFever,* 83 AD2d 895; *Matter of Butler v Gargiulo,* 77 AD2d 939; *Matter of Radda v Acita,* 54 AD2d 531; *Matter of Loucky v Buchanan,* 49 AD2d 979). Inasmuch as such service constitutes a jurisdictional defect, the judgment must be reversed and the proceeding dismissed. Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of MICHAEL J. GRANT et al., Respondents, v EVERETT McNAB et al., Respondents, and ALFRED GISSI et al., Appellants. — In a proceeding to validate petitions designating the petitioners as candidates in the Republican Party Primary Election to be held on September 10, 1981, for the party position of County Committee Member, from various election districts, Town of Islip, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 27, 1981, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. (See *Matter of Donnelly v McNab,* 83 AD2d 896.) Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of PATRICK G. HALPIN, Appellant, v FRANK COVENEY et al., Respondents, and DOMINIC JACANGELO, Respondent. — In a proceeding to invalidate petitions designating Dominic Jacangelo as a candidate in the Right to Life Party Primary Election to be held on September 10, 1981 for the public office of Suffolk County Legislator, 13th Legislative District, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 21, 1981, which, *inter alia,* dismissed the proceeding. Judgment affirmed, without costs or disbursements. We find no merit in appellant's contention that the designating petition failed to validly designate the office in issue (see *Matter of Donnelly v McNab,* 83 AD2d 896). Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.