(March 12, 1985)

■ In the Matter of A. PATRICIA MOORE, Appellant, v GEORGE MILHIM et al., Respondents-Respondents, et al., Respondents. (Proceeding No. 1.) In the Matter of GEORGE MILHIM et al., Petitioners, v A. PATRICIA MOORE et al., Respondents. (Proceeding No. 2.) — In a proceeding pursuant to Election Law § 16-102, *inter alia*, to invalidate a petition nominating George Milhim, James A. Garner, Russell N. Service, Charles R. Carruth, and Lawrence J. Goldstein as candidates for elective village offices, petitioner in proceeding No. 1 appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), entered March 6, 1985, as dismissed that proceeding.

Judgment affirmed insofar as appealed from, without costs or disbursements.

A proceeding pursuant to Election Law § 16-102 must be commenced "upon such notice to such * * * persons * * * as the court or justice shall direct" (Election Law § 16-116). The Court of Appeals has held that this provision requires actual delivery of the instrument of notice not later than the last day on which the proceeding may be commenced (*see, Matter of King v Cohen,* 293 NY 435, 439; *Matter of Constantino,* 286 NY 681). In a proceeding such as this, service by mail of the instrument of notice is not deemed complete so long as the persons to be served did not actually receive delivery (*see, Matter of Thompson v New York State Bd. of Elections,* 40 NY2d 814, 815; *Matter of Burton v Coveney,* 32 NY2d 842). In this case, the order to show cause by which proceeding No. 1 was commenced provided that service on certain necessary parties was to be made by mailing a copy of the order to show cause on March 5, 1985, which was the last day to commence the proceeding. The order to show cause was returnable on March 6, 1985. Special Term properly held that such service was not reasonably calculated to give these necessary parties timely notice of the proceeding, and, therefore, dismissed the proceeding (*Matter of Floyd v Coveney,* 83 AD2d 897; *Matter of Buhlmann v LeFever,* 83 AD2d 895, *affd* 54 NY2d 775; *Matter of Butler v Gargiulo,* 77 AD2d 939). We also note that the participation in the proceeding by the candidates' attorneys, who raised the issue of proper service, did not constitute a waiver of that jurisdictional objection (*Matter of Miranda v Erie County Bd. of Elections,* 59 AD2d 643; *cf. Matter of Gregory v Board of Elections,* 93 AD2d 894, *affd* 59 NY2d 668). We pass on no other issue. Mangano, J. P., Thompson, Brown and Lawrence, JJ., concur.