■ In the Matter of CHARLES W. ELSTON et al., Appellants, v WILLIAM A. MAHONEY et al., Respondents. In the Matter of MINARD E. ASH et al., Appellants, v WILLIAM A. MAHONEY et al., Respondents. In the Matter of FRANCIS G. CROWE, Appellant, v WILLIAM A. MAHONEY et al., Respondents. In the Matter of JAMES W. PONTIUS, Appellant, v WILLIAM A. MAHONEY et al., Respondents.—Per Curiam. Appeals (1) from an order and judgment of the Supreme Court at Special Term (Viscardi, J.), entered August 20, 1986 in Schenectady County, which, inter alia, dismissed petitioner Francis G. Crowe's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming various respondents as candidates for the office of delegate to the Republican Party Judicial Nominating Convention, Fourth Judicial District, from the 105th Assembly District in the September 9, 1986 primary election; and (2) from an order and judgment of said court, entered August 20, 1986 in Schenectady County, which, inter alia, dismissed petitioner Charles W. Elston's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming various petitioners as candidates for the office of delegate to the Republican Party Judicial Nominating Convention, Fourth Judicial District, from the 107th Assembly District in the September 9, 1986 primary election.

This appeal involves four proceedings pursuant to Election Law § 16-102 either to validate or invalidate certain designat-

ing petitions. Special Term dismissed the proceedings as untimely. We affirm.

The last day to commence these proceedings was July 24, 1986. On that date, orders to show cause commencing the proceedings were obtained, purportedly authorizing certain alternative methods of service on the various respondents, including mailing on or before July 24, 1986. Petitioners attempted service on certain of the respondents by ordinary mail on July 24, 1986.

The method of service directed in an order to show cause must be reasonably calculated to give notice to the necessary parties so that receipt of such notice would normally be expected within the statutory 14-day period for commencing a proceeding concerning the validity of a designating petition (Matter of Contessa v McCarthy, 40 NY2d 890, 891; Matter of Butler v Hayduk, 37 NY2d 497, 498). Thus, even when the Board of Elections is properly and timely served, mailing alone of the order to show cause and petition to other necessary parties on the last day allowed by law to institute such a proceeding is untimely and improper (Matter of Radda v Acito, 54 AD2d 531; see also, Matter of Moore v Milhim, 109 AD2d 810; Matter of Floyd v Coveney, 83 AD2d 897).

Matter of Pell v Coveney (37 NY2d 494), upon which petitioners rely, is distinguishable, for the Board's delay in issuing its determination herein until after the last day for commencing a proceeding did not cause the proceeding to be untimely. Rather, petitioners actually attempted to commence the proceedings within the statutory time limit; the proceedings were untimely due to the inadequate method of service.

Orders and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.