■ In the Matter of MARY YELLICO, Appellant, v LENORE RINGER et al., Respondents.—In a proceeding to validate a petition designating Mary Yellico as a candidate in a primary election to be held on September 15, 1992, for the nomination of the Right to Life Party as its candidate for the public office of United States Representative for the Second Congressional District, the appeal is from a judgment of the Supreme Court, Suffolk County (Stark, J.), dated August 20, 1992, which dismissed the application for lack of jurisdiction.

Ordered that the judgment is affirmed, without costs or disbursements.

In this case, the order to show cause by which the proceeding was commenced provided that service on the necessary party respondent was to be made by mailing a copy of the order to show cause on August 10, 1992, which was the last

day on which to commence the proceeding. The order to show cause was returnable on August 17, 1992.

A proceeding pursuant to Election Law § 16-102 must be commenced "upon such notice to such * * * persons * * * as the court or justice shall direct" (Election Law § 16-116). This provision has been interpreted to require "actual delivery of the instrument of notice not later than the last day on which the proceeding may be commenced" *(Matter of Moore v Milhim,* 109 AD2d 810; *see also, Matter of King v Cohen,* 293 NY 435, 439; *Matter of Constantino,* 286 NY 681). Service by mail of the instrument of notice is not deemed complete if the person to be served did not actually receive delivery by the last day on which the proceeding could be commenced *(see, Matter of Thompson v New York State Bd. of Elections,* 40 NY2d 814, 815; *Matter of Burton v Coveney,* 32 NY2d 842; *Matter of Moore v Milhim, supra).* Mangano, P. J., Thompson, Sullivan, Lawrence and Pizzuto, JJ., concur.