(October 14, 1993)

■ In the Matter of JOHN L. BARBARITE, Respondent, v

TIMOTHY E. HILL et al., Constituting the Board of Elections of the County of Sullivan, et al., Respondents, and ANTHONY P. CELLINI et al., Appellants. [602 NYS2d 704] —Per Curiam. Appeals from three orders of the Supreme Court (Torraca, J.), entered September 10, 1993, September 17, 1993 and September 23, 1993 in Sullivan County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming certain respondents as the Equal Justice Party candidates for various offices in the Town of Thompson in the November 2, 1993 general election.

On August 16, 1993, the Equal Justice Party filed an independent nominating petition with the Board of Elections of Sullivan County naming respondents Anthony P. Cellini, William J. Rieber, Jr., Philip E. Conaty, Donald S. Price, Leon G. Harding and Burton Ledina (hereinafter collectively referred to as respondents) as candidates for various public offices of the Town of Thompson in the November 2, 1993 general election. Petitioner filed general objections and specifications of objections to the petition with the Board. Petitioner commenced the instant proceeding challenging the validity of the petition on August 31, 1993, the last day to commence such a proceeding *(see,* Election Law § 16-102 [2]). The following day, September 1, 1993, the Board issued its ruling on the objections filed with it. The Board's ruling that 98 of the 257 signatures filed were invalid left 159 valid signatures, the minimum number needed to sustain the petition. Thus, the Board's ruling upheld the petition. This proceeding was commenced by an order to show cause providing that respondents be served by ordinary mail.

Supreme Court referred the matter to a Referee. After a hearing the Referee found that there were 102 invalid signatures and 155 valid signatures, and ruled the petition invalid. Supreme Court confirmed the Referee's findings. These appeals from the order referring the matter to the Referee, ordering a hearing before the Referee and from the order of Supreme Court confirming the Referee's findings followed.

Respondents urge reversal of the orders of Supreme Court on procedural grounds, including defective service of process. We deem the issue preserved for our review and find that the service commencing this action was fatally defective because of the manner of service provided in the show cause order. The last day to file the petition commencing this proceeding was August 31, 1993 *(see,* Election Law § 16-102 [2]). The order

to show cause obtained by petitioner was signed on August 31, 1993 and provided for service by ordinary mail upon respondents on or before that date. This was inadequate because it was not reasonably calculated to give notice to the parties within the 14-day statutory time period for commencement of the proceeding *(see, Matter of Elston v Mahoney,* 122 AD2d 969, 970, *lv denied, appeal dismissed* 68 NY2d 765). "[M]ailing alone of the order to show cause and petition * * * on the last day allowed by law to institute such a proceeding is untimely and improper" *(supra,* at 970). It should be noted that the relevant time provisions under the new filing laws in the CPLR *(see,* CPLR 304, 203 [c] [1]) are of no aid to petitioner. These new filing statutes do not apply to special proceedings in election cases *(see,* Siegel, Outside Counsel—Election Cases and the New Filing Law, NYLJ, Aug. 23, 1993, at 1, col 1). The instant proceeding should therefore be dismissed for defective service. The orders of Supreme Court must accordingly be reversed.

Petitioner's motion to strike the exhibits attached to respondents' brief on appeal, as well as that portion of respondents' brief referring to the exhibits, is granted. The material in the exhibits was not before Supreme Court and, thus, is not part of the record on appeal. Petitioner's motion also requested sanctions. We find no basis for the imposition of sanctions in this case.

We find it unnecessary to address respondents' other arguments for reversal.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Cardona, JJ., concur. Ordered that the motion by petitioner to strike certain material which was not before Supreme Court from respondents' brief granted, without costs. Motion by petitioner requesting sanctions from respondents denied, without costs. Ordered that the orders of Supreme Court are reversed, on the law, without costs, and petition dismissed.