OPINION OF THE COURT
Martin Schoenfeld, J.
The most interesting of the several issues that this Election Law article 16 special proceeding raises is whether a court can invalidate a designating-petition that the court finds is permeated with fraud if the objector thereto fails to serve the candidate with notice of the proceeding in a manner reasonably calculated to reach the candidate prior to the end of the period during which the proceeding had to be commenced. This *681 court concludes, reluctantly, that the law does not allow such invalidation. Other related issues, in this rather disturbing case, involve the service requirement for commencing such proceedings and the requirements of CPLR 3013 “notice pleading” therein.
Background
Respondent Ryan Walsh (Walsh) submitted a designating petition for the September 2001 primary ballot to the Board of Elections in the City of New York (the Board). The petition indicates that Walsh lives in Queens and is seeking the Republican Party nomination for the office of Member of the New York City Council from the 20th Councilmanic District, Borough of Queens. Petitioner Paul Graziano (petitioner), who is a candidate for the same office, filed objections. Petitioner thereafter commenced the instant proceeding as an aggrieved candidate. His order to show cause states that petitioner is seeking to invalidate the designating petition of Walsh as a candidate for the “Public Office of Member of Assembly [from] the 62nd Assembly District, New York County, City and State of New York in the Republican Party Primary Election to be held September 12, 2000.” Likewise, the text of the petition makes repeated references to the 62nd Assembly District, the September 2000 Republican Party Primary, and other confusing information. Little, if anything, other than Graziano’s and Walsh’s names, is present to connect the papers to the 20th District City Council race.
Pursuant to Election Law § 6-158, Walsh’s designating petition had been due by July 12, 2001. Pursuant to Election Law § 16-102 (2), petitioner had to commence the instant proceeding by July 26, 2001. On this last day, petitioner brought his order to show cause and petition to court.
An Election Law special proceeding must be commenced upon such notice to such officers, persons or committees as the court shall direct. (Election Law § 16-116.) A justice signed the order to show cause on the 26th and directed that service upon Walsh be by personal delivery that same day. The justice emphatically struck out all of the alternative methods of service proposed by petitioner.
Petitioner has submitted an affidavit of service of a Gerard Rotondi, who states as follows:
“on July 26, 2001 I personally made several attempts, the last at 11:30 p.m., to serve the attached order to Show Cause [and] Petition * * * upon:
*682 Ryan J. Walsh
149-49 Elm Avenue
Flushing, NY 11355
but was unable to personally serve * * * Walsh. An attempt was made to leave the above with a person of reasonable age and discretion * * * Mr. Walsh’s neighbors on the first floor; however, they refused service. I then affixed the Order to Show Cause [etc.] upon the inner door of 149-49 Elm Avenue and mailed the same in a sealed envelope, with postage prepaid * * * directed to the address set out above.”
Walsh has submitted an affidavit, dated August 13, 2001, in which he states that he resides at 149-49 Elm Avenue in Flushing. He has acknowledged that he actually received both the “affixed” and the “mailed” service on July 27, 2001. Allegedly, he ignored the papers because he is not a candidate for Member of the State Assembly from the 62nd Assembly District.
The Special Referee’s Report
The order to show cause was returnable August 1, 2001. Petitioner appeared (along with counsel); neither Walsh nor. the Board appeared. The matter was immediately referred to a Special Referee. Petitioner introduced into evidence photocopies of the signature pages of Walsh’s designating petition and photocopies of the voter registration (often called “buff’) cards of the people who purportedly signed the signature pages. As to many of the signatures, petitioner pointed out the alleged dissimilarity between the way they appear on the pages and the way they appear on the cards.
The Special Referee issued a report on August 6, 2001. In footnote 1 he writes that Rotondi’s affidavit of service “states that on July 27, 2001, he served the respondent-candidate with [the necessary papers] by affixing such documents at the respondent’s residence and then mailing a copy * * * to the same address (see CPLR 308 [4]).” (Actually, Rotondi’s affidavit states that he made several attempts at personal service on the 26th. If the Special Referee thought that service was effected on the 27th, i.e., assuming that the “27th” was not a typographical error, then he should have concluded on that basis alone that the court did not have personal jurisdiction over Walsh.) In footnote 2 he writes, without further comment, that although both candidates are seeking election to the City Council, the order to show cause and petition state “that the *683 parties are candidates for the public office of Member of Assembly from the 62nd Assembly District, New York County.”
At the core of the Special Referee’s report are factual findings of numerous instances of “forged” signatures and other irregularities. The Special Referee concluded
“that [Graziano] has demonstrated by clear and convincing evidence the existence of systematic fraudulent activities, showing a pattern of fraud which permeates the petition as a whole and that the invalidation of the entire designating petition is warranted. Additionally * * * that [Walsh] participated in the presentment of petitions containing forgeries and that he therefore forfeited his right to a place on the ballot.”
Of course, “[fit is well settled that the report of a Special Referee shall be confirmed whenever the findings contained therein are supported by the record and the Special Referee has clearly defined the issues and resolved matters of credibility * * * since the Special Referee is considered to be in the best position to determine the issues presented.” (Nager v Panadis, 238 AD2d 135, 136 [1st Dept 1997] [citations omitted].)
The Court
This court has examined the photocopies of Walsh’s signature pages and of the voter registration cards of the alleged signatories and has compared the signatures thereon. Even a nonexpert can tell that many of the signature pairs are manifestly dissimilar, and clearly were written by different hands. Further, there are dissimilarities between the cards and certain signatures on sheets 47 and 107, as to which Walsh was himself the subscribing witness. A designating petition should be invalidated if it is, in the angry words of the Court of Appeals in Matter of Lerner v Power (22 NY2d 767, 768 [1968]): “the product of the knowing, systematic acceptance of purported signatures of innumerable persons subscribed by others, thus constituting permeating fraudulent representation.”
On August 14, 2001, this court called a special election calendar to give the parties an opportunity to be heard before ruling on the Special Referee’s report. Petitioner essentially argued that Walsh’s designating petition is permeated with fraud, and Walsh essentially argued that the instant proceeding is a nullity because he was not properly served and, in any event, is not running for the office of Member of the Assembly from the 62nd Assembly District.
*684 Personal Jurisdiction
Petitioner frames the debate in terms of whether or not Walsh should be allowed to vacate his default in answering the petition on August 1, 2001 and to proceed on the merits.
“However, where the motion to vacate [a default judgment] is based on a failure of service, leading to a lack of personal jurisdiction, the issue of a meritorious defense is not material — the default will be unconditionally vacated in the absence of jurisdiction.” (New York State Higher Educ. Servs. Corp. v Adams, 173 Misc 2d 283, 284 [Sup Ct, Albany County 1997].)
The general rule governing this area of law is set forth in Matter of Miranda v Erie County Bd. of Elections (59 AD2d 643 [4th Dept 1977]): “The candidate whose name is in issue is a necessary party to the proceeding, and he must be served individually within the 14-day period * * * Failure to do so is a jurisdictional defect” (citations omitted).
What, exactly, must be done within the 14-day period is summarized in Matter of Floyd v Coveney (83 AD2d 897 [2d Dept 1981]):
“Service of the order to show cause was effected by mailing a copy of the papers * * * on the last day for commencing this proceeding. The papers were not actually received * * * however, until two days later. Notwithstanding that such mailing was in accordance with the mode of service provided in the order to show cause, it nevertheless was ineffectual. Mailing on the last day for commencing this proceeding cannot be said to have been reasonably calculated to give timely notice.”
This court has carefully considered the cases upon which petitioner relies. None of them supports a finding of personal jurisdiction in the instant proceeding. In Matter of Contessa v McCarthy (40 NY2d 890, 891 [1976]), the Court directed that service be made by personal delivery “or, in the alternative, by mail posted on or before September 24, 1976.” The mailing was made by that date. Indeed, the Court upheld service as “[t]he method of service directed in the order to show cause was reasonably calculated to give notice to the necessary parties, and the mailing was made at such time and in such manner as would normally be expected to result in receipt by the addressees within the statutory 14-day period.” (Id. at 891 [emphasis added].) Here, affixation and mailing in the waning moments of July 26 was not “reasonably calculated to give no *685 tice to the necessary party” within the statutory 14-day period, which ended that very same day.
Matter of King v Cohen (293 NY 435, 438 [1944]), also relied upon by petitioner, is an instructive case. It was directed that service
“be made before midnight of the same day by delivery of a copy thereof to each of the [four] respondents personally or by leaving a copy at his address with a person of suitable age and discretion; or, in the event both such methods of notice should * * * be without avail, then by sending a copy to the respondent at the same place by registered mail * * *
“The date so set for service * * * was the last day on which this proceeding could have been instituted * * * A copy of the order was on that day left with a person of suitable age and discretion at the address of * * * two of the respondents. At the same time, service upon the two remaining respondents was attempted by the mailing of a copy of the order * * * with the result that delivery thereof did not ensue on that last day.
“Such mailing was held * * * to be without effect and this proceeding was for that reason dismissed as to the two respondents to whom the order had been thus dispatched. The substituted service made upon the other two respondents was held to be effectual.”
The Court of Appeals affirmed.
“The parties against whom a proceeding of this kind is brought are entitled to such notice thereof ‘as the court * * * shall direct.’ * * * As heretofore construed by us, this requirement calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced * * * Consequently the attempted service by mail upon two of the respondents was ineffectual * * *
“We think the Special Term was right in validating the substituted service that was made upon the other two respondents.” (Id. at 439 [citations omitted].)
Thus, even if service complies with the court’s directive, and even if it is accomplished on the last day, it still is not valid if *686 it is not reasonably calculated to be received by the respondent on that day. Process left with a person of suitable age and discretion at one’s home is likely to be received that same day; process that is affixed to one’s door near midnight and, also, mailed, as here, is not. Thus, petitioner’s reliance on King is unavailing for two reasons: there, the service that was upheld complied with the court’s directive and was reasonably calculated to come to the respondent’s notice on the same day as service.
Cases are legion that have held that service by mail on the last day of Election Law § 16-102 (2)’s 14-day period is insufficient. (E.g. Matter of Yellico v Ringer, 185 AD2d 965, 966 [2d Dept 1992]; Matter of Barbarite v Hill, 197 AD2d 740 [3d Dept 1993]; Matter of Elston v Mahoney, 122 AD2d 969 [3d Dept 1986].)
Indeed, one case has specifically held that affixing and mailing on the final day of the statutory period (arguably the situation here) is insufficient, even if in compliance with the order to show cause (not the situation here), because it is “not reasonably calculated to give timely notice to the candidate.” (Matter of Kaplan v Bucha, 207 AD2d 509, 510 [2d Dept 1994].)
What distinguishes the instant case from the bulk of reported decisions is that due to the initial finding that personal jurisdiction was acquired, the Special Referee conducted a line-byline examination of the designating petition and found that it should be invalidated. The former finding is now seen to be erroneous, and the latter finding correct. Can this court invalidate the instant petition? All of the foregoing cases suggest the contrary. In the final analysis, whether viewed through the prism of a lack of personal jurisdiction, failure to join a necessary party (see CPLR 1001) or failure to comply with the 14-day Statute of Limitations (see CPLR 201 [“No court shall extend the time limited by law for the commencement of an action”]), this court’s hands are tied. A court may not simply reach the “right” result, heedless of such crucial procedural safeguards as timeliness, service and notice. Our society can sooner tolerate one more (supposedly undeserving) person on the ballot than it can turn a blind eye toward due process.
The Special Referee should also have dismissed the instant proceeding because petitioner failed to comply with the express personal service requirement of the order to show cause. (See Turkish v Turkish, 126 AD2d 436, 439 [1st Dept 1987] [“Since plaintiff did not strictly comply with the provisions for service set forth in the initial order to show cause, there was no jurisdiction over defendant”].)
*687 Notice Pleading
Short time frames make Election Law litigation particularly harrowing. For practitioners, the possibility of fatal error is ever present. Running through a minefield with a looming deadline, petitioner’s counsel cannibalized papers from a highly publicized Election Law proceeding from the last election cycle. The problem is, he got the tail right but the dog wrong. Petitioner states that Walsh knows what office he is running for. Walsh states that having no connection with Manhattan, the 62nd Assembly District, or any campaign for State Assembly, he disregarded the petition as a joke. Whether or not he did or should have, the same nerve-racking nature of petition challenges that engenders mistakes, and thus may excuse them, must also be taken into account in judging the reactions of the recipients of those mistakes. This court does not require perfection. To err is human, to forgive is divine. But the defining characteristics of a legal paper should at least be more right than wrong. Petitioner has failed to demonstrate that his pleading complied with the “notice” requirement of CPLR 3013. (Statements in a pleading shall be sufficiently particular to give the parties notice of the transactions or occurrences intended to be proved.)
Conclusion
Petitioner states that because of Walsh’s fraud, this court should not order the Board to place him on the ballot. However, this court is not so much ordering the Board to place Walsh on the ballot as it is dismissing petitioner’s attempt to remove Walsh from the ballot. That dismissal is mandated for three independent reasons: (1) Walsh is a necessary party, and personal jurisdiction was not obtained over him because service was not made in a timely manner; (2) service was not made in accordance with the order to show cause; and (3) arguably, Walsh could not have known with a reasonable degree of certainty that petitioner was seeking to invalidate Walsh’s designating petition for the nomination he was actually seeking. Were this court to reach the merits, consideration of which is given solely for purposes of appeal, the court would rule that the designating petition is permeated with fraud, and that Walsh has thereby forfeited his right to be on the ballot.
Thus, for the reasons set forth herein, the report of the Special Referee which recommends invalidating the designating petition of respondent Walsh for the September 2001 primary ballot for the Republican Party nomination for Member of the New York City Council from the 20th Councilmanic *688 District is hereby disaffirmed, solely on the grounds of lack of personal jurisdiction over him and failure of the moving papers to comply with the “notice pleading” requirement of CPLR 3013; and the Board is hereby directed to allow Mr. Walsh’s name to remain on the ballot.
[Portions of opinion omitted for purposes of publication.]