■ In the Matter of ANTHONY P. NUNZIATO et al., Appellants, v FRANK P. MESSANO et al., Respondents. [928 NYS2d 585]—

In a proceeding pursuant to Election Law § 16-102, "[t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (*Matter of Hennessey v DiCarlo*, 21 AD3d 505, 505 [2005]; *see Matter of Del Villar v Vekiarelis*, 59 AD3d 642 [2009]; *Matter of Master v Pohanka*, 43 AD3d 478 [2007]). Here, the petitioners established that they served the petition to invalidate in accordance with the order to show cause, which permitted service, among other means, "by guaranteed express overnight delivery mail," placed in the mail on or before July 27, 2011. The petitioners submitted an affirmation of service indicating that copies of the petition to invalidate were dispatched by guaranteed express overnight delivery, and annexing the original receipts of mailing, addressed to each of the respondents, which reflected the use of guaranteed express overnight delivery mail and were date-stamped by the United States Postal Service on July 27, 2011. In support of their application to dismiss the petition to invalidate, the respondent candidates offered no evidence to contradict the petitioners' proof that the petition to

invalidate was served in a manner authorized by the order to show cause.

With respect to the issue of whether service was completed within the period set forth in Election Law § 16-102 (2), "[a] proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later" (Election Law § 16-102 [2]). "A petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102 (2)" (*Matter of Wilson v Garfinkle*, 5 AD3d 409, 410 [2004]; *see Matter of Green v Mahr*, 230 AD2d 873, 874 [1996]). Here, the last day to file the designating petition was July 14, 2011, and all parties to the appeal agree that the last date to commence the proceeding and complete service of the petition to invalidate was July 28, 2011. The respondent candidates contended before the Supreme Court that they did not receive copies of the petition to invalidate until July 29, 2011. In opposition, the petitioners asked permission to present evidence that copies of the petition to invalidate were actually delivered to the respondents by the United States Postal Service on July 28, 2011. The Supreme Court denied the petitioners' request to present such evidence and, among other things, dismissed the proceeding on the ground that there was a jurisdictional defect. Since the petitioners should have been afforded the opportunity to present evidence that service was completed within the period prescribed by Election Law § 16-102 (2), we reverse the Supreme Court's final order, among other things, dismissing the proceeding, and remit the matter to the Supreme Court, Queens County, so that the petitioners may have an opportunity to do so (*see Matter of Oberman v Romanowski*, 65 AD3d 992 [2009]; *Matter of MacDougall v Board of Elections of City of N.Y.*, 133 AD2d 198 [1987]; *see also Matter of Watch v Halloran*, 87 AD3d 658 [2011] [decided herewith]; *Matter of Littlewort v Board of Elections in City of N.Y.*, 87 AD3d 642 [2011] [decided herewith]) and, thereafter, if necessary, for further proceedings on the petition to invalidate.

The parties' remaining contentions are without merit. Dillon, J.P., Florio, Lott and Cohen, JJ., concur.