In the Matter of JOHN M. WATCH et al., Appellants, v DANIEL J. HALLORAN et al., Respondents. [928 NYS2d 469]—In a proceeding pursuant to Election Law § 16-102 to invalidate a petition designating (1) Daniel J. Halloran and Jean Leavey as candidates in a primary election to be held on September 13, 2011, for the Republican Party positions of Male Member and Female Member of the Republican Party State Committee from the 25th Assembly District, respectively, (2) Daniel J. Halloran and Andre Pecot as candidates in a primary election to be held on September 13, 2011, for the Republican Party positions of Delegates to the Republican Judicial District Convention for the 11th Judicial District, (3) Steven Graves as a candidate in a primary election to be held on September 13, 2011, for the Republican Party position of Alternate Delegate to the Republican Judicial District Convention for the 11th Judicial District, and (4) Anthony Daddiego as a substituted candidate in a primary election to be held on September 13, 2011, for the Republican Party position of Male Member of the Republican Party State Committee from the 25th Assembly District, the petitioners appeal from a final order of the Supreme Court,

Queens County (O'Donoghue, J.), dated August 8, 2011, which, upon granting the application of Daniel J. Halloran, Jean Leavey, Andre A. Pecot, Stephen Graves, and Anthony Daddiego to dismiss the petition to invalidate on the ground that service thereof was jurisdictionally defective, inter alia, dismissed the proceeding. Ordered that the final order is reversed, on the law, without costs or disbursements, the petition to invalidate is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith, to be conducted forthwith. For the reasons stated in *Matter of Nunziato v Messano* (87 AD3d 647 [2011] [decided herewith]), the final order of the Supreme Court must be reversed, the petition to invalidate reinstated, and the matter remitted to the Supreme Court, Queens County, to afford the petitioners an opportunity to submit evidence that service of the petition to invalidate was completed within the period prescribed by Election Law § 16-102 (2) and, thereafter, if necessary, for further proceedings on the petition to invalidate (*see also Matter of Littlewort v Board of Elections in City of N.Y.*, 87 AD3d 642 [2011] [decided herewith]). Dillon, J.P., Florio, Lott and Cohen, JJ., concur.