Per Curiam.
Appeal from an order of the Supreme Court (Melkonian, J.), entered October 17, 2014 in Albany County, which granted petitioners’ application, in a proceeding pursuant to Election Law § 16-102, to declare invalid an independent nominating petition naming respondent Georgina Bowman as the Libertarian Independent Party candidate for the public office of State Senator for the Fifth Senate District in the November 4, 2014 general election.
Petitioners challenge an independent nominating petition *1403 filed by respondent Georgina Bowman on August 19, 2014 naming her as the Libertarian Independent Party candidate for the public office of State Senator for the Fifth Senate District in the November 4, 2014 general election. Petitioner Kathy Wilson, Mary Anne Hicks and Robert Conte filed written objections with the New York State Board of Elections challenging the nominating petition. Thereafter, on September 2, 2014 — the last day to commence a proceeding in Supreme Court (see Election Law § 16-102 [2]) — Wilson, Hicks and Conte, as objectors, and petitioner Carl Marcellino, as candidate-aggrieved, attempted to commence this proceeding by obtaining an order to show cause from Supreme Court in Albany County (Connolly, J.) that made the proceeding returnable in Nassau County. The order to show cause deemed the proceeding commenced and granted leave to make a delayed filing in Nassau County inasmuch as counsel had demonstrated circumstances that prevented immediate filing. The order to show cause also directed that service could be made that day on Bowman by (1) delivering the papers to her personally, (2) affixing the papers to the door of her residence and mailing the same by express mail, or (3) by delivering the papers to a person at her residence and mailing the same by express mail. Bowman does not dispute that service was made by affixing the papers to the door of her residence and mailing them on September 2, 2014; she received the papers by mail two days later.
Following a hearing, Supreme Court in Nassau County (Winslow, J.), among other things, denied Bowman’s motion to dismiss the petition as untimely and granted Bowman’s motion to change venue to Albany County. Following further proceedings in Albany County, Supreme Court (Melkonian, J.) declared Bowman’s independent nominating petition to be invalid. Bowman now appeals.
We reverse. The manner of service provided in the order to show cause was not “ ‘reasonably calculated to give notice to the necessary parties so that receipt of such notice would normally be expected within the statutory 14-day period for commencing a proceeding concerning the validity of a designating petition’ ” (Matter of Hall v Dussault, 109 AD3d 679, 679 [2013], quoting Matter of Elston v Mahoney, 122 AD2d 969, 970 [1986], appeal dismissed, lvs denied 68 NY2d 765 [1986]; see Matter of Contessa v McCarthy, 40 NY2d 890, 891 [1976]). To institute a proceeding “under Election Law § 16-102,” a petitioner “must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102 (2)” (Matter of Wilson v Garfinkle, 5 AD3d *1404 409, 410 [2004] [emphasis added]; accord Matter of Nunziato v Messano, 87 AD3d 647, 648 [2011]; see Matter of Davis v McIntyre, 43 AD3d 636, 637 [2007]; see also Matter of Barbarite v Hill, 197 AD2d 740, 742 [1993]). In order to complete service, actual delivery must occur (see Matter of Thompson v New York State Bd. of Elections, 40 NY2d 814, 815 [1976]; Matter of Yellico v Ringer, 185 AD2d 965, 966 [1992]). The Court of Appeals has held that the method of service employed here — affixing the order to show cause and papers to Bowman’s residence and mailing the same on the last day permitted for commencing a proceeding — is not a method of service reasonably calculated to give timely notice (see Matter of Buhlmann v Le Fever, 54 NY2d 775 [1981], affg for reasons stated below 83 AD2d 895, 896 [1981]). Contrary to petitioners’ assertions, our decision in Matter of Grimaldi v Board of Elections of the State of N.Y. (95 AD3d 1644 [2012]) is distinguishable. In that case, we concluded that service by affixing the papers to the respondent’s residence and either faxing or leaving a copy at the office of the respondent’s counsel on the last day to commence a proceeding was permissible; we did not permit affixing the papers to a residence and mailing the same on the last day to commence (id. at 1645-1646). Inasmuch as service was not completed within the time limit set forth in Election Law § 16-102 (2), the proceeding must be dismissed (see Matter of Buhlmann v Le Fever, 54 NY2d at 775; Matter of Wilson v Garfinkle, 5 AD3d at 410; Matter of Barbarite v Hill, 197 AD2d at 741-742; Matter of Elston v Mahoney, 122 AD2d at 970; cf. Matter of Grimaldi v Board of Elections of the State of N.Y., 95 AD3d at 1645-1646; Matter of Nunziato v Messano, 87 AD3d at 647-648; but see Matter of Marcoccia v Garfinkle, 307 AD2d 1010, 1010-1011 [2003], lv denied 100 NY2d 509 [2003]).
The parties’ remaining arguments are rendered academic by our decision.
Lahtinen, J.E, Rose, Devine and Clark, JJ., concur.
Ordered that the order is reversed, on the law, without costs, and petition dismissed.