[37 NE3d 1144, 16 NYS3d 502]

In the Matter of FRANCES J. ANGLETTI, Respondent, v MARCUS MORREALE, Appellant, and LORA ALLEN et al., as Commissioners Constituting Niagara County Board of Elections, Respondents.

Argued August 25, 2015; decided August 26, 2015

**POINTS OF COUNSEL**

*Jerome D. Schad*, Williamsville, and *Law Office of Joseph F. Townsend*, Lockport (*Joseph F. Townsend* of counsel), for appellant. I. Appellant Marcus Morreale was not properly served within the Election Law statute of limitations that expired on July 23, 2015 where the nailing occurred on July 22, 2015 and the mailing occurred on July 23, 2015. (*Matter of Wilson v Garfinkle*, 5 AD3d 409; *Matter of Eckart v Edelstein*, 185 AD2d 955; *Matter of Graziano v Walsh*, 189 Misc 2d 680; *Matter of Buhlmann v LeFever*, 83 AD2d 895, 54 NY2d 775; *Matter of Kaplan v Bucha*, 207 AD2d 509, 84 NY2d 821; *Matter of Wilson v Bowman*, 121 AD3d 1402; *Matter of Marcoccia v Garfinkle*, 307 AD2d 1010, 100 NY2d 509; *Matter of Elston v Mahoney*, 122 AD2d 969, 68 NY2d 765; *Matter of O'Connor v Power*, 30 AD2d 926, 22 NY2d 889; *Matter of King v Cohen*, 293 NY 435.) II. The special proceeding was not properly commenced where the verification for the petition was never filed in the Niagara County Clerk's Office. (*Matter of Goodman v Hayduk*, 45 NY2d 804.) III. The Election Law does not prohibit a person who has declined a designating petition from being selected as a candidate by the Committee to Fill Vacancies. (*Matter of Nestler v Cohen*, 242 App Div 726; *Matter of Garfinkel v Power*,

208 Misc 719, 286 App Div 957, 309 NY 779; *Matter of Rosenbaum v Power*, 54 Misc 2d 9; *Matter of Bockman v Sachs*, 59 AD2d 516.)

*Sinnreich, Kosakoff & Messina, LLP*, Central Islip (*John Ciampoli* of counsel), and *The Law Office of Henry F. Wojtaszek*, Niagara Falls, for Frances J. Angletti, respondent. Service by "nail and mail" completed within the statutory time frame is effective and timely. (*Matter of Contessa v McCarthy*, 40 NY2d 890; *Matter of O'Connor v Power*, 30 AD2d 926, 22 NY2d 889; *Matter of Marcoccia v Garfinkle*, 307 AD2d 1010; *Matter of Wilson v Bowman*, 121 AD3d 1402; *Matter of Kaplan v Bucha*, 207 AD2d 509, 84 NY2d 821; *Matter of Buhlmann v LeFever*, 83 AD2d 895, 54 NY2d 775; *Matter of Moore v Milhim*, 109 AD2d 810; *Matter of Albond v Collins*, 254 AD2d 689; *Matter of Hipps v Sunderland*, 218 AD2d 774; *Qing Dong v Chen Mao Kao*, 115 AD3d 839.)

*Claude A. Joerg*, Lockport, for Lora Allen and another, respondents. Marcus Morreale was timely and properly served with the order to show cause and petition. (*Ruffin v Lion Corp.*, 15 NY3d 578; *Matter of Conti v Clyne*, 120 AD3d 884; *Matter of Yellico v Ringer*, 185 AD2d 965; *Matter of Riley v Democratic Party of Owasco*, 21 AD3d 708, 5 NY3d 707; *Matter of Thompson v New York State Bd. of Elections*, 40 NY2d 814; *Matter of Marcoccia v Garfinkle*, 307 AD2d 1010; *Matter of O'Connor v Power*, 30 AD2d 926, 22 NY2d 889; *Matter of King v Cohen*, 293 NY 435.)

## OPINION OF THE COURT

Per Curiam.

On July 8, 2015, a designating petition was filed with the Niagara County Board of Elections (Board), naming respondent Marcus Morreale as a Democratic Party candidate for the office of Niagara County Legislator, Eighth District. Morreale initially declined the designation, thereby creating a vacancy. Thereafter, upon Morreale's consent, the Committee to Fill Vacancies filed a certificate of substitution, purporting to designate Morreale as the substitute candidate to fill the vacancy created by his own declination of the earlier designation (*see* Election Law § 6-148). The certificate was received by the Board on July 17, 2015. Petitioner filed a formal objection with the Board, which was rejected.

On July 22, petitioner commenced this proceeding seeking to invalidate the designating petition and to enjoin the Board from placing Morreale's name on the ballot. Supreme Court signed an order to show cause dated the same day, authorizing service upon the candidate by one of 10 methods. Petitioner utilized "nail and mail" service and, under the order to show cause, was required to affix the papers to the door of Morreale's residence "AND [enclose] the same in a securely sealed and duly prepaid wrapper, addressed to [Morreale] at the address set forth in his . . . designating petition, and [deposit] the same with a depository of the United States Postal Service via Express Mail, on or before the **23rd day of July, 2015**." The July 23 date was the last day to commence the proceeding under the 14-day period authorized by the Election Law (see Election Law § 16-102 [2]). Morreale answered, raising several affirmative defenses, including that the action was not timely commenced.

Supreme Court granted the petition and ordered the Board to strike Morreale's name from the ballot. The Appellate Division affirmed, concluding that the proceeding had been timely commenced (131 AD3d 808 [4th Dept 2015]). Two Justices dissented and would have reversed on the basis that the mailing had to have been made at an earlier time when receipt could reasonably be expected to occur within the statutory period. Morreale appeals as of right pursuant to CPLR 5601 (a) and we now affirm.

Though the two-Justice dissent gives us jurisdiction to review the entire matter, we address with specificity only the issue upon which the dissent was grounded, inasmuch as Morreale's other arguments are without merit.

Under Election Law § 16-116, a petitioner is required to provide notice "as the court or justice shall direct." As we have previously held, "this requirement calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced" (Matter of King v Cohen, 293 NY 435, 439 [1944]).

We agree with the courts below that this proceeding was properly commenced in a timely manner. Here, there is no dispute that petitioner complied with the terms of the order to show cause by nailing the papers to the door of Morreale's residence on July 22, 2015 and mailing the papers to that residence by express mail on July 23. Morreale maintains that

mailing on the last day of the statutory period was jurisdictionally defective since delivery inevitably would occur outside of the statutory period. However, where the instrument of notice has been delivered by another prescribed method within the statutory period, we have rejected such contentions concerning mailing (*see Matter of Serri v Heffernan*, 298 NY 629 [1948]; *Matter of O'Connor v Power*, 30 AD2d 926 [2d Dept 1968], *affd* 22 NY2d 889 [1968]).

To the extent *Matter of Buhlmann v LeFever* (83 AD2d 895 [2d Dept 1981], *affd for reasons stated* 54 NY2d 775 [1981]) may appear to reach a different result, that case is distinguishable. There, the petitioner attempted to accomplish both nailing and mailing on the last day service could be made. The Court observed that the papers were nailed to the outside wall of the residence instead of the door. The Court then stated that attempted service by mail on the final day "was inadequate and ineffectual to institute the proceeding" (*Buhlmann*, 83 AD2d at 896). By contrast here, as noted above, the instrument of notice had been properly delivered prior to the deadline.

Moreover, there is no sound reason to adopt a rule that would effectively shorten the very brief period of limitations applicable to election cases—ranging from 3 to 14 days (*see* Election Law § 16-102 [2])—where the proceeding has already been timely commenced by filing, respondent already has notice thereof by the nailing method of service, and imminent delivery of the mailing made within the limitations period can be expected.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

Chief Judge LIPPMAN and Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN and FAHEY concur.

Order affirmed, without costs.