■ In the Matter of ANDREW DESTEFANO, an Aggrieved Republican Candidate for the Office of Putnam County Sheriff, Respondent-Appellant, v JAMES BORKOWSKI, as Chairman, Putnam County Democrat Party-Objector, et al., Appellants-Respondents, et al., Respondents. [59 NYS3d 804]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Andrew DeStefano as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Republican Party as its candidate for the public office of Putnam County Sheriff, James Borkowski, as Chairman, Putnam County Democrat Party-Objector, appeals, and the Putnam County Board of Elections, Anthony Scannapieco, Jr., Republican Election Commissioner, and Catherine P. Croft, Democratic Election Commissioner, separately appeal, from a final order of the Supreme Court, Putnam County (Marx, J.), dated August 16, 2017, which granted the petition, inter alia, to validate the designating petition, and the petitioner cross-appeals from the same final order.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the petitioner is not aggrieved by the final order (*see* CPLR 5511); and it is further,

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to validate the designating petition is denied, and the proceeding is dismissed.

The petitioner filed a petition with the Putnam County Board of Elections (hereinafter the Board) designating him as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Republican Party as its candidate for the public office of Putnam County Sheriff. James Borkowski filed general and specific objections with the Board challenging the designating petition. On July 26, 2017, the Board invalidated the designating petition based on Borkowski's objections.

The petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petition by filing a proposed order to show cause and petition on July 31, 2017. The order to show cause was signed by the Supreme Court on August 2, 2017. The Board answered the petition and asserted, as an affirmative defense, that the proceeding was untimely pursuant to Election Law § 16-102 (2). The court, inter alia, determined that the proceeding had been timely commenced, declared the designating petition valid, and directed that the petitioner be placed on the ballot for the primary election to be held on September 12, 2017. The Board and its Commissioners appeal, and Borkowski separately appeals.

The Supreme Court should have dismissed the proceeding as untimely. "A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later" (Election Law § 16-102 [2]). " 'A petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102 (2)' " (Matter of Nunziato v Messano, 87 AD3d 647, 648 [2011], quoting Matter of Wilson v Garfinkle, 5 AD3d 409, 410 [2004]; see Matter of Wilson v Bowman, 121 AD3d 1402 [2014]; Matter of Green v Mahr, 230 AD2d 873 [1996]; Matter of Ehle v Wallace, 195 AD2d 1086 [1993]). A petitioner in a special proceeding under Election Law article 16 is required to provide notice of the proceeding "as the court or justice shall direct" (Election Law § 16-116). The Court of Appeals has repeatedly interpreted the notice requirement of Election Law § 16-116 to " 'call[ ] for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced' " (Matter of Angletti v Morreale, 25 NY3d 794, 797 [2015], quoting Matter of King v Cohen, 293 NY 435, 439 [1944]). Here, the parties agree that the last day to commence a proceeding to validate the subject designating petition was July 31, 2017. Thus, contrary to the court's finding, the petitioner was required both to file the petition to validate the designating petition and to serve all necessary parties on or before that date (see Matter of Nunziato v Messano, 87 AD3d 647 [2011]). Since the petitioner failed to effect service on or before July 31, 2017, this proceeding was not timely commenced (cf. Matter of Angletti v Morreale, 25 NY3d at 797).

The parties' remaining contentions are either without merit or academic in light of our determination.

Accordingly, the Supreme Court should have denied the petition to validate the designating petition and dismissed the proceeding. Mastro, J.P., Hall, Miller and Hinds-Radix, JJ., concur.