Matter of Sauberman v Weinstock (2020 NY Slip Op 02906)





Matter of Sauberman v Weinstock


2020 NY Slip Op 02906


Decided on May 15, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 15, 2020

531262

[*1]In the Matter of Josh Sauberman et al., Appellants,
v
Michael Weinstock, Respondent, et al., Respondent.

Calendar Date: May 15, 2020 

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Advocates for Justice Chartered Attorneys, New York City (Arthur Z. Schwartz of counsel), for appellants.
Michael Weinstock, Great Neck, respondent pro se.



Per Curiam.
Appeal from an order of the Supreme Court (Ryba, J.), entered April 23, 2020 in Albany County, which, in a proceeding pursuant to Election Law § 16-102, among other things, granted respondent Michael Weinstock's motion to dismiss the petition.
Respondent Michael Weinstock filed a designating petition with respondent New York State Board of Elections seeking to be nominated as the Democratic Party candidate for the public office of Member of the United States House of Representatives for the 3rd Congressional District of New York in the June 23, 2020 primary election. After petitioner Josh Sauberman filed general and specific objections to the designating petition, upon which the State Board did not initially rule, Sauberman and petitioner Melanie D'Arrigo, an aggrieved candidate, moved by order to show cause to commence this proceeding seeking to invalidate the designating petition — alleging that such petition lacked the required number of valid signatures. Weinstock moved to dismiss contending, among other things, that this proceeding was not timely commenced. Supreme Court denied the relief requested by petitioners and granted Weinstock's motion to dismiss, finding that Sauberman did not properly serve the specifications of objections upon Weinstock and, further, that this proceeding was not timely commenced. Petitioners appeal.
We affirm. Pursuant to Election Law § 6-154 (2), the State Board is "empowered to make rules in reference to the filing and disposition" of, among other things, a designating petition and any objections and/or specifications thereto. To that end, 9 NYCRR 6204.1 (b) provides, in relevant part, that "[n]o specifications of objections to any petition will be considered by the [State B]oard unless the objector filing the specifications personally delivers or mails by registered or certified mail a duplicate copy of the specification to each candidate for the public office named on the petition" (emphasis added).
The record reveals — and petitioners do not dispute — that the subject specifications were not sent to Weinstock by either registered or certified mail but, rather, were transmitted via express mail overnight through the United States Postal Service. Although petitioners argue that express mail overnight is the "functional equivalent" of registered or certified mail, the provisions of 9 NYCRR 6204.1 (b), which are "mandatory and may not be disregarded" (Matter of Young v Thalmann, 286 AD2d 550, 551 [2001] [internal quotation marks and citation omitted]; see Matter of Neal v Liscum, 164 AD3d 1540, 1541 [2018], lv denied 32 NY3d 906 [2018]), as well as the service requirements set forth in Election Law § 6-154 (2), have long required strict and literal compliance (see e.g. Matter of Ferris v Sadowski, 45 NY2d 815, 817 [1978] [Election Law § 6-154 (2) "manifests an intention on the part of the Legislature to mandate a literal or strict interpretation" thereof]; Matter of Bennett v Justin, 77 AD2d 960, 961 [1980] [failure to adhere to the State Board's rules "has been held to be a fatal defect"], affd 51 NY2d 722 [1980]). As Sauberman did not serve his specifications of objections upon Weinstock in compliance with the cited regulation (see Matter of Zalocha v Donovan, 120 AD3d 994, 995 [2014], lv denied 23 NY3d 909 [2014]), the State Board was without jurisdiction to rule upon such objections (see Matter of Neal v Liscum, 164 AD3d at 1542; Matter of Young v Thalmann, 286 AD2d at 551; Matter of Zogby v Longo, 154 AD2d 889, 889 [1989]).
However, even if we were to find express mail overnight to be the equivalent of certified or registered mail, the proceeding itself was not timely commenced. In order to be deemed timely, this proceeding had to be commenced within 14 days of the last day upon which to file the designating petition with the State Board (see Election Law § 16-102 [2]), which was March 20, 2020 (see L 2020, ch 24; 2020 NY Senate-Assembly Bill S8058, A10151).
"A petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102 (2)" (Matter of DeStefano v Borkowski, 153 AD3d 817, 818 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 915 [2017]; accord Matter of Mandell v Board of Elections of the City of N.Y., 164 AD3d 719, 720 [2018]; Matter of Malaga v Suffolk County Bd. of Elections, 66 AD3d 902, 903 [2009]). In order to properly complete service, actual delivery must occur no later than the last day upon which the proceeding may be commenced (see Matter of Angletti v Morreale, 25 NY3d 794, 797 [2015]; Matter of DeStefano v Borkowski, 153 AD3d at 818; Matter of Wilson v Bowman, 121 AD3d 1402, 1404 [2014], lv denied 24 NY3d 1000 [2014]) — here, April 3, 2020.
As evidenced by the proofs of delivery contained in the record on appeal, the order to show cause and the accompanying petition were delivered to Weinstock on April 4, 2020 and to the State Board on April 6, 2020. Inasmuch as service was not completed within the statutory period ending on April 3, 2020, Supreme Court properly found that this proceeding was not timely commenced (see Matter of DeStefano v Borkowski, 153 AD3d at 818; Matter of Davis v McIntyre, 43 AD3d 636, 637 [2007]). Petitioners' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ. concur.
ORDERED that the order is affirmed, without costs.