Matter of Lemma v Michos

2026 NY Slip Op 03105

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Anthony J. Lemma, et al., petitioners-respondents,

v

Pamela H. Michos, appellant, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04477, (Index No. 711354/26)

Francesca E. Connolly, J.P.

Linda Christopher

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Pamela H. Michos as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Conservative Party as its candidate for the public office of New York State Senator for the 11th Senatorial District, Pamela H. Michos appeals from a final order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated May 5, 2026. The final order granted the petition, inter alia, to invalidate the designating petition and, in effect, directed the Board of Elections in the City of New York to refrain from placing the name of Pamela H. Michos on the ballot.

ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to invalidate the designating petition is denied, and the proceeding is dismissed.

Pamela H. Michos filed a petition with the Board of Elections in the City of New York designating herself as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Conservative Party as its candidate for the public office of New York State Senator for the 11th Senatorial District. On April 20, 2026, the petitioners submitted to the Supreme Court, among other papers, a petition, inter alia, to invalidate the designating petition pursuant to Election Law § 16-102 and a proposed order to show cause. The proposed order to show cause provided, among other things, that the order to show cause, together with a copy of the papers upon which it was granted, was to be served on Michos "on or before the 20th day of April, 2026 . . . by sending same by overnight, next-day delivery." In signing the order to show cause, the court did not change this language.

Thereafter, counsel for the petitioners submitted an affirmation of service averring, inter alia, that on April 20, 2026, he caused the order to show cause, the petition, among other things, to invalidate the designating petition, and supporting papers to be served on Michos "by depositing true and correct copies in a properly enclosed, postage-paid envelope at the designated UPS Service depository." Michos interposed an answer, asserting, inter alia, lack of personal jurisdiction and statute of limitations defenses. Michos also submitted an affirmation, among other things, denying that she had received the mailing. At a hearing held on May 1, 2026, the petitioners submitted a UPS shipment receipt, demonstrating that the petition, inter alia, to invalidate the designating petition and the supporting papers were sent to Michos by UPS next day air, to arrive at the address provided therein by 10:30 a.m. on April 21, 2026. Also at the hearing, counsel for Michos argued, among other things, that the method of service directed in the order to show cause was not reasonably calculated to give notice to the necessary parties within the statutory time period.

In a final order dated May 5, 2026, the Supreme Court determined that the petitioners [*2]complied with the service provision of the order to show cause, granted the petition, inter alia, to invalidate the designating petition, and, in effect, directed the Board of Elections in the City of New York to refrain from placing the name of Pamela H. Michos on the ballot. Michos appeals.

The Supreme Court should have dismissed the proceeding as untimely. "Election Law § 16-102(2) requires a proceeding to invalidate a designating petition to be instituted within 14 days after the last day to file such designating petition. In order to acquire personal jurisdiction, the method of service directed in the order to show cause must be reasonably calculated to give notice to the necessary parties within the statutory time period" (Matter of Henry v Trotto, 54 AD3d 424, 425; see Matter of Contessa v McCarthy, 40 NY2d 890, 891).

Here, the parties agree that the last day to commence a proceeding to invalidate the designating petition was April 20, 2026. Thus, the petitioners were required both to file the petition, inter alia, to invalidate the designating petition and to serve all necessary parties on or before that date (see Matter of DeStefano v Borkowski, 153 AD3d 817, 818; Matter of Yellico v Ringer, 185 AD2d 965, 966). As the evidence before the Supreme Court demonstrated that delivery of the order to show cause and supporting papers to Michos was not accomplished until April 21, 2026, this proceeding was not timely commenced (see Matter of Stora v New York State Bd. of Elections, 208 AD3d 1213, 1214; see also Matter of King v Cohen, 293 NY 435, 439; Matter of Barbarite v Hill, 197 AD2d 740, 742; cf. Matter of Angletti v Morreale, 25 NY3d 794, 797-798). Contrary to the petitioners' contention, under the circumstances of this case, Michos did not waive this objection (see generally Matter of Moore v Milhim, 109 AD2d 810, 810; cf. Matter of Sasson v Board of Elections in City of N.Y., 65 AD3d 995, 996; Matter of Gregory v Board of Elections in City of N.Y., 93 AD2d 894, 895, affd 59 NY2d 668).

The parties' remaining contentions need not be reached in light of our determination.

CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court