and the subject child had significant connections with this State, and it appears that "substantial evidence [was] available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76 [1] [b] [ii]). Accordingly, New York had jurisdiction to modify the custody and visitation provisions of the parties' Florida judgment of divorce with respect to the subject child.

Nonetheless, where custody proceedings relating to a child are pending in different states—in this case, New York and Florida—Domestic Relations Law § 76-e applies, and the courts of the two states must confer with each other (*see Matter of Javier v Javier*, 264 AD2d 735 [1999]). Since the Family Court made its initial determination, in effect, dismissing the petition in this proceeding, the father and the subject child apparently have resided in Florida. In view of these circumstances, upon remittal, the Family Court, Queens County, is directed to contact the Florida court so that the courts of the two states may confer with each other and determine which state is the more appropriate forum for this proceeding at this juncture (*see Matter of Andrews v Catanzano*, 44 AD3d 1109 [2007]; *see also Matter of Eisner v Eisner*, 44 AD3d 1111 [2007]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.

◼ In the Matter of BART J. HAGGERTY, Appellant, v QUEENS COUNTY REPUBLICAN COMMITTEE et al., Respondents, et al., Respondent. [937 NYS2d 893]

 Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.

██ In the Matter of LMC Trucking Corp., Petitioner, v New York State Department of Motor Vehicles, Respondent. [937 NYS2d 877]—

Judicial review of an administrative determination made after a hearing at which evidence was taken is limited to whether the determination is supported by substantial evidence based upon the entire record (see CPLR 7803 [4]). Moreover, " 'the courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists' " (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987], quoting Matter of Stork Rest. v Boland, 282 NY 256, 267 [1940]).

Here, the testimony of the officer who issued the summonses to the petitioner regarding the condition of the roadway where vehicle weighing scales were placed, his training, the accuracy of the scales used, and the manner in which he weighed the petitioner's vehicle, provided substantial evidence supporting the determination of the Administrative Law Judge (see Matter of J. Scaramella Trucking v Martinez, 39 AD3d 858, 859 [2007]; Matter of El Camino Trucking Corp. v Martinez, 21 AD3d 491, 492 [2005]; Matter of Star Rubbish Removal Corp. v Martinez, 15 AD3d 587, 588-589 [2005]; Matter of J. Bruno Sons, Inc. v Martinez, 15 AD3d 485, 486 [2005]). Florio, J.P., Chambers, Hall and Miller, JJ., concur.

██ In the Matter of Thab D. Patterson, Appellant, v Stacy Patterson, Respondent. [937 NYS2d 890]