■ In the Matter of MATTHEW J. KIERNAN, Appellant, v NEW YORK STATE BOARD OF ELECTIONS, Respondent-Appellant, and ANTHONY ERIC TOLDA, Respondent. [944 NYS2d 754]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Anthony Eric Tolda as a candidate in a primary election to be held on June 26, 2012, for the nomination of the Republican Party as its candidate for the public office of Representative in Congress from the 3rd Congressional District, the petitioner appeals, and the New York State Board of Elections separately appeals, from a final order of the Supreme Court, Nassau County (Marano, J.), dated May 8, 2012, which treated the cross claim of Anthony Eric Tolda to validate his designating petition as a cross petition to validate the designating petition, granted the "cross petition," and directed the New York State Board of Elections to place the name of Anthony Eric Tolda on the Republican primary election ballot for the public office of Representative in Congress from the 3rd Congressional District.

Ordered that the final order is reversed, on the law, without costs or disbursements, and the cross claim is dismissed.

Matthew J. Kiernan commenced this proceeding on April 26, 2012, by order to show cause, inter alia, to invalidate the designating petition of Anthony Eric Tolda. However, Kiernan failed to serve copies of the order to show cause and petition upon the New York State Board of Elections (hereinafter the Board) consistent with the directives contained in the order to show cause. On May 4, 2012, the Board administratively invalidated Tolda's designating petition on the basis that it was not timely filed with the Board. Tolda served a verified answer, in which a cross claim to validate his designating petition was asserted against the Board. Tolda never sought leave of the court to file his cross claim. On the return date of Kiernan's petition, Kiernan admitted to his failure to complete service upon the Board within the time limit set forth in the order to show cause, and contended that since the proceeding was not properly initiated, Tolda could not proceed with his cross claim. Tolda sought to proceed on his cross claim to validate his designating petition, and argued that his designating petition was timely filed with the Board pursuant to Election Law § 1-106. The Supreme Court treated Tolda's cross claim to validate his designating petition as a cross petition to validate his designating petition and, inter alia, granted the "cross petition."

A special proceeding commenced pursuant to Election Law article 16 must be heard upon such notice to such officers, persons, or committees as the court or justice may direct (*see* Election Law § 16-116). Since strict compliance with the service provisions of the order to show cause is jurisdictional in nature, the Supreme Court here did not have jurisdiction to entertain the proceeding (*see* Election Law § 16-116; *Matter of Haggerty v Queens County Republican Comm.*, 92 AD3d 681 [2012]; *Matter of Gorman v Board of Elections in the City of N.Y.*, 76 AD3d 658 [2010]; *Matter of Caruso v Nassau County Bd. of Elections*, 186 AD2d 701 [1992]). Since the Supreme Court lacked jurisdiction to entertain the proceeding, the cross claim asserted in that proceeding also should have been dismissed (*see Krisilas v Mount Sinai Hosp.*, 63 AD3d 887 [2009]; *McMullen v Arnone*, 79 AD2d 496, 499 [1981]). We note that, although the Supreme Court treated Tolda's cross claim to validate his designating petition as a cross petition to validate his designating petition, Tolda did not take any of the procedural steps necessary to commence an independent proceeding pursuant to Election Law § 16-102 for that relief, and did not comply with the service of process requirements applicable to such proceedings, and, thus, his request for that relief had none of the incidents of a properly commenced Election Law § 16-102 proceeding (*see* Election Law § 16-116; *Matter of Brown v Smith*, 76 AD3d 939, 940 [2010]; *Matter of White v Bilal*, 21 AD3d 573, 574 [2005]).

The appellants' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Belen, Chambers and Hall, JJ., concur.