■ In the Matter of MICHAEL S. ROTANELLI et al., Appellants, v BOARD OF ELECTIONS OF WESTCHESTER COUNTY, Respondent and IVY REEVES, Respondent. [970 NYS2d 471]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Ivy Reeves as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of City Council President of the City of Yonkers, the petitioners appeal, as limited by their brief, from so much of a final order of the Supreme Court, Westchester County (Connolly, J.), dated August 5, 2013, as, after a hearing, granted that branch of Ivy Reeves's motion which was to dismiss the proceeding based upon the failure to strictly comply with the service provisions of the order to show cause, and thereupon dismissed the proceeding.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

"The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with"

(*Matter of Hennessey v DiCarlo*, 21 AD3d 505, 505 [2005]; *see Matter of Nunziato v Messano*, 87 AD3d 647 [2011]; *Matter of Gorman v Board of Elections in the City of N.Y.*, 76 AD3d 658 [2010]; *Matter of Del Villar v Vekiarelis*, 59 AD3d 642, 643 [2009]). Service within the statutory period by means other than those authorized by the order to show cause does not bring a respondent within the court's jurisdiction (*see Matter of Bruno v Ackerson*, 51 AD2d 1051 [1976]). Here, the subject order to show cause provided that service thereof and of "the papers upon which it [was] granted" upon the candidate Ivy Reeves was to be effectuated by (1) "sending the same by overnight, next-day delivery by UPS, FEDEX or the U.S. Postal Service on or before the 22nd day of July, 2013"; "or" (2) "by personal delivery of the same to [Ivy Reeves] on or before July 23, 2013, no later than 7:00 p.m." It is undisputed that the petitioners did not attempt to personally deliver the papers to Reeves, and that copies of both the order to show cause and petition to invalidate were not delivered to Reeves's address until July 24, 2013. The petitioners submitted evidence that, at 9:30 p.m. on July 22, 2013, they deposited a prepaid United States Postal Service "Priority Mail Express" envelope containing these documents in a mail slot located inside a publicly accessible vestibule of a post office, after the post office itself had closed. The record established that an envelope deposited at that time would not have been collected, scanned, and prepared for delivery by postal employees until 7:00 a.m. on the following day. We agree with the Supreme Court that the petitioners failed to sustain their burden of establishing that the envelope was sent by "overnight, next-day delivery" on July 22, 2013 (*see Matter of Stabile v DeFronzo*, 231 AD2d 577 [1996]). The petitioners' submissions did not demonstrate that the envelope was deposited into the custody of the United States Postal Service prior to the latest time designated by that overnight delivery service for overnight delivery (*cf.* CPLR 2103 [b] [6]). Since the petitioners failed to establish strict compliance with the service provisions of the order to show cause, the Supreme Court properly granted the motion to dismiss the proceeding (*see Matter of Kiernan v New York State Bd. of Elections*, 95 AD3d 1242, 1243 [2012]; *Matter of Haggerty v Queens County Republican Comm.*, 92 AD3d 681 [2012]).

The petitioners' remaining contention is without merit. Balkin, J.P., Hall, Lott and Miller, JJ., concur.