In an action, inter alia, for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered April 17, 2012, which denied her motion by order to show cause to preliminarily enjoin the defendant from *844 holding a foreclosure sale and liquidation of the plaintiffs security interest in certain shares of stock and a proprietary lease for a certain apartment during the pendency of the action.
Ordered that the order is affirmed, with costs.
“The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with” (Matter of El Greco Socy. of Visual Arts, Inc. v Diamantidis, 47 AD3d 929, 929 [2008]). The plaintiff bears the burden of proving that jurisdiction over the defendant was obtained (see Frankel v Schilling, 149 AD2d 657, 659 [1989]). Here, the plaintiff failed to submit an affidavit of a process server attesting to service of the subject motion on the defendant pursuant to CPLR 311, as required by the order to show cause. Thus, the Supreme Court correctly determined that the plaintiff failed to serve the defendant in the manner directed by the court (see Matter of Rotanelli v Board of Elections of Westchester County, 109 AD3d 562, 563 [2013]; U.S. Bank N.A. v Feliciano, 103 AD3d 791 [2013]; Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964, 965 [2012]; Lobo v Soto, 73 AD3d 1135, 1135-1136 [2010]). Accordingly, the plaintiffs motion was properly denied on this ground alone.
In light of our determination, we need not reach the plaintiffs remaining contentions.
Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.