In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Natasha Audain, Daniel L. Allonce, Bernard J. Charles, Jr., Eudson Tyson Francois, Marie J. Williams, Anthony E. Leon, and Christian Eugene as candidates in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidates for the public offices of Trustees of the Village of Spring Valley, the petitioner appeals from a final order of the Supreme Court, Rockland County (Garvey, J.), dated August 3, 2015, which denied the petition and dismissed the proceeding insofar as asserted against Natasha Audain, Daniel L. Allonce, Eudson Tyson Francois, Anthony E. Leon, and Christian Eugene.
Ordered that the final order is affirmed, without costs or disbursements.
The Supreme Court correctly determined that the petitioner failed to properly serve copies of the petition upon the respondents Natasha Audain, Daniel L. Allonce, Eudson Tyson Francois, Anthony E. Leon, and Christian Eugene (hereinafter collectively the Audain respondents). Pursuant to Election Law § 16-116, a “proceeding [brought under] Election Law § 16-102 must be commenced ‘upon such notice to such . . . persons ... as the court or justice shall direct’ ” (Matter of Yellico v Ringer, 185 AD2d 965, 966 [1992], quoting Election Law § 16-116). The failure to comply with the method of service directed by the court is a jurisdictional defect (see Matter of Littlewort v Board of Elections in City of N.Y., 87 AD3d 642, 643 [2011]).
Here, the order to show cause that initiated this proceeding directed the petitioner to serve copies of the petition upon all respondents “by personal service pursuant to CPLR section 308 on or before the 23rd day of July 2015.” The record supports the Supreme Court’s determination that service was not *631 properly or timely effected upon the Audain respondents pursuant to CPLR 308 (see Cancilla v Vukosa, 112 AD3d 662, 663 [2013]; McSorley v Spear, 50 AD3d 652, 653-654 [2008]; O’Connell v Post, 27 AD3d 630, 631 [2006]; Matter ofYellico v Ringer, 185 AD2d 965 [1992]). Therefore, the Supreme Court correctly denied the petition and dismissed the proceeding insofar as asserted against the Audain respondents based on that jurisdictional defect (see Matter of Haggerty v Queens County Republican Comm., 92 AD3d 681 [2012]).
In light of our determination, we do not reach the petitioner’s remaining contentions.
Leventhal, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.