Matter of Jean-Louis v Laurent (2019 NY Slip Op 04318)





Matter of Jean-Louis v Laurent


2019 NY Slip Op 04318


Decided on May 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-04899
 (Index No. 535/19)

[*1]In the Matter of Claude M. Jean-Louis, appellant,
v
Rudolph Schneider Laurent, Sr., respondent- respondent, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Rudolph Schneider Laurent, Sr., as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of Rockland County Legislator for the Eighth Legislative District, the petitioner appeals from a final order of the Supreme Court, Rockland County (Terry Jane Ruderman, J.), entered May 3, 2019. The final order denied the petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
By the filing of an order to show cause and petition dated April 18, 2019, the petitioner commenced this proceeding, inter alia, to invalidate a petition designating Rudolph Schneider Laurent, Sr., as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of Rockland County Legislator for the Eighth Legislative District. The petition alleged, inter alia, numerous defects in the signature sheets submitted in support of Laurent's candidacy, as well as fraud and forgery in the collection and certification of signatures. Extensive documentary submissions were appended to the petition. Additionally, the order to show cause and petition contained brief and vague references to placement of the petitioner on the ballot for the same public office, although no specific factual allegations or supporting materials were proffered in support thereof. The order to show cause directed that service upon Laurent could be accomplished in one of several ways, including by affixing a copy of the papers to the door of Laurent's residence, at the address set forth in his designating petition, and by mailing a copy of the papers to the same address.
On April 29, 2019, on the eve of the scheduled hearing on the petition to invalidate, the petitioner served additional papers which, in effect, sought to amend the petition to include a proceeding to validate his candidacy as the Republican Party nominee for the same public office. The papers included an affidavit and exhibits which, for the first time, contained detailed factual allegations purporting to establish that the petitioner had been duly designated as a candidate on April 11, 2019, by the Republican Party Committee to Fill Vacancies after another candidate allegedly declined the nomination for that public office.
At the ensuing hearing, Laurent opposed the petition, arguing, inter alia, that he had not been properly served in accordance with the terms of the order to show cause, and that the petitioner's attempt to expand the petition to include a proceeding to validate was improper, untimely, and without merit. Following the hearing, the Supreme Court issued a final order denying the petition and dismissing the proceeding. The petitioner appeals.
"In a proceeding pursuant to Election Law § 16-102, [t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with'" (Matter of Streng v Westchester County Bd. of Elections, 131 AD3d 652, 653, quoting Matter of Hennessy v DiCarlo, 21 AD3d 505, 505; see Election Law § 16-116). Here, the record supports the Supreme Court's determination that service upon Laurent by the affix and mail method was not made in accordance with the provisions of the order to show cause, since the papers were mailed to an address other than the one set forth in the designating petition for Laurent. This jurisdictional defect warranted dismissal of the proceeding (see Matter of Fonvil v Audain, 131 AD3d 630, 630-631; Matter of Rotanelli v Board of Elections of Westchester County, 109 AD3d 562, 563; Matter of Quis v Putnam County Bd. of Elections, 22 AD3d 585, 586).
Additionally, we agree with the Supreme Court that the petitioner's attempt to expand the petition to include a proceeding to validate was untimely (see Election Law § 16-102[2]).
In light of our determination, we need not consider the parties' remaining contentions.
MASTRO, J.P., LEVENTHAL, MILLER and BARROS, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court