Khan v Khan (2021 NY Slip Op 04969)





Khan v Khan


2021 NY Slip Op 04969


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-07444
 (Index No. 454/15)

[*1]Nazia Khan, etc., appellant,
v
Zafar Khan, respondent.


Krentsel & Guzman, LLP (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for appellant.
Fishman & Tynan, Merrick, NY (John Fishman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Anna Anzalone, J.), entered April 10, 2018. The order denied the plaintiff's motion for leave to reargue her opposition to that branch of the defendant's prior cross motion which was to preclude the plaintiff from introducing at trial any evidence or testimony regarding or from expert Steven Wagner, which had been granted in an order of the same court dated November 27, 2017.
ORDERED that the appeal from the order entered April 10, 2018, is dismissed, with costs.
"The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (U.S. Bank N.A. v Feliciano, 103 AD3d 791, 791 [internal quotation marks omitted]; see City of New York v Miller, 72 AD3d 726, 727). Here, the plaintiff moved, inter alia, by order to show cause for leave to reargue her opposition to that branch of the defendant's prior cross motion which was to preclude her from introducing any evidence or testimony regarding or from expert Steven Wagner. The order to show cause provided that the defendant was to be served by overnight mail upon his counsel "on or before the 16th day of January, 2018." Since the affidavit of service demonstrated that the plaintiff did not effectuate service of the order to show cause and supporting papers until January 18, 2018, the Supreme Court correctly determined that the plaintiff failed to serve the defendant in the manner as directed, rendering the court without jurisdiction to consider the plaintiff's motion (see Codrington v Citimortgage, Inc., 118 AD3d 843, 844; Matter of Rotanelli v Board of Elections of Westchester County, 109 AD3d 562, 563; Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964, 965; Lobo v Soto, 73 AD3d 1135, 1136). As a matter of procedure, given the fact that the subject order to show cause was not timely served, the court did not have jurisdiction to consider the merits of the motion (see e.g. DelGrosso v Carroll, 185 AD3d 901, 903-904). In any event, no appeal lies from an order denying reargument (see Doctors for Surgery, PLLC v Aristede, 192 AD3d 991).
In light of our determination, we need not address the remaining contentions.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court