## Fora Fin. Asset Securitization 2021, LLC v D-K Recycling, LLC

2024 NY Slip Op 33060(U)

August 29, 2024

Supreme Court, Nassau County

Docket Number: Index No. 611447/2023

Judge: Eileen C. Daly-Sapriacone

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT – STATE OF NEW YORK
## COUNTY OF NASSAU

PRESENT:   HON. EILEEN C. DALY-SAPRAICONE,
         JUSTICE OF THE SUPREME COURT

--------------------------------------------------------------------------x

FORA FINANCIAL ASSET SECURITIZATION 2021,
LLC,

                       **Plaintiff,**

 

                 **-against-**

 

D-K RECYCLING, LLC d/b/a D-K RECYCLING
LLC AND BOB CALVERT, JR.
                **Defendants.**

--------------------------------------------------------------------------x

TRIAL/IAS, PART 21
Index No.: 611447/2023

Motion Seq. No.: 001,002
Motion Submitted: 5/22/2024

**DECISION AND ORDER**
XXX

| The following papers were read on this motion | NYSCEF DOCUMENT NUMBERS |
|---|---|

Notice of Motion, Statement of Material Facts, Memorandum of Law
Affirmation, Exhibits .......................................................... 30 – 41
Affirmation in Opposition ....................................................... 43 – 47
Reply ....................................................................................... 48
Order to Show Cause, Affidavit, Affidavit of Service ............... 50 – 54

      Plaintiff, FORA FINANCIAL ASSET SECURITIZATION 2021, LLC (hereinafter, Plaintiff) moves pursuant to CPLR Section 3212 for summary judgment against Defendants D-K RECYCLING, LLC d/b/a D-K RECYCLING LLC (hereinafter, Company Defendant) AND BOB CALVERT, JR (hereinafter, Guarantor)(hereinafter collectively, Defendants) seeking a judgment against the Defendants, jointly and severally in the principal amount of $52,963.69, with interest from December 5, 2022 (the date of the breach), costs and disbursements; for an order pursuant to CPLR 3211(a)(1) and (b), dismissing the Defendants' counterclaims for failure to state a claim and based upon documentary evidence and settled law; and pursuant to CPLR 3211(a)(1) and (a)(7) dismissing the Defendants' counterclaims for failure to state a claim and based upon the documentary evidence and settled law; and for an order awarding Plaintiff such other and further relief as this Court deems just and proper (hereinafter, Motion Sequence No. 001).

1

[* 1]

After Motion Sequence No. 001, Defendants' counsel filed an Order to Show Cause pursuant to Section 321 of the CPLR and Section 475 of the Judiciary Law, allowing the Law Office of Dominick Dale, Esq., to withdraw as attorneys of record for all Defendants. No opposition was submitted by Plaintiff or Defendants themselves (hereinafter, Motion Sequence No. 002). Motion Sequence No. 001 and Motion Sequence No. 002 are consolidated for decision as set forth herein below.

The instant action arises from the Defendants' alleged breach of a merchant cash advance agreement entered into by the parties on July 10, 2022. Pursuant to the terms of the agreement, Plaintiff purchased 12% of future accounts receivables of Defendants, up to the sum of $133,280.00 in exchange for an upfront purchase price of $95,200.00. Guarantor executed a personal guaranty of Company Defendant's performance of its obligation under the agreement. The Defendants allegedly remitted to Plaintiff $80,456.31, leaving an unpaid balance of $52,823.69. As a result of the Defendants' alleged failure to remit payment, Plaintiff commenced the instant action on July 20, 2023, to recover damages for breach of contract, breach of the guaranty, conversion, and account stated. Issue was joined when the Defendants answered the complaint on August 17, 2023.

Plaintiff moves for summary judgment on the complaint, contending, inter alia, that the Defendants' affirmative defense in claiming usury is inapplicable to the instant action since the agreement the parties entered into is not a loan. Plaintiff further contends that because the contract in question contains mandatory reconciliation and adjustment provisions; is for an indefinite term; and provides limited recourse in bankruptcy, the agreement cannot be considered a loan. In addition, Plaintiff claims the Defendants' remaining affirmative defenses are boilerplate and lack any explanation and Defendants' counterclaims are facially defective. In support of its motion, Plaintiff submits, among other things, the affidavit of its Director of Collections & Servicing, Jonathan Headley, which affidavit states that the business records attached to the affidavit were made in the regular course of business. The affidavit further details the Defendants' alleged breach of the agreement by failing to pay back their remaining balance of receivables.

In opposition, the Defendants argue that the affidavit relied on by Plaintiff fails to lay a proper foundation for the admission of any business records, that the agreement is a usurious loan and is void as a matter of law, that the Plaintiff's requested default fee and attorney's fees are unenforceable penalties, and summary judgment is improper and premature at this time.

In reply, Plaintiff maintains the affidavit of its Director of Collections & Servicing establishes that the records in question were made in the regular course of business. Further, Plaintiff argues the Defendants failed to present any facts in their opposition which demonstrate the existence of triable issues of fact.

CPLR § 3212 provides, "any party may move for summary judgment in any action, after issue has been joined..." Summary judgment should only be granted where it is clear that no material and triable issue of fact is present. If there exists a factual issue that can be argued, then summary judgment should not be granted (*see Matter of New York City Asbestos Litig.*, 33 NY3d 20 [2019]; *see also Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004], citing *Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). "Once the movant makes the proper

2

showing, 'the burden shifts to the party opposing the motions for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action'" (*see Stonehill Capital Mgt. LLC v Bank of the W.*, 28 NY3d 439, 448 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "The 'facts must be viewed in the light most favorable to the non-moving party'" (*see Stonehill Capital Mgt. LLC*, 28 NY3d at 448, quoting *Vega v Restrani Constr. Corp.*, 18 NY3d 499, 503 [2012]). "However, bald, conclusory assertions or speculation and 'a shadowy semblance of an issue' are insufficient to defeat summary judgment, as are merely conclusory claims" (*see Stonehill Capital Mgt. LLC*, 28 NY3d at 448, quoting *S.J. Capelin Associates, Inc. v Globe Mfg. Corp.*, 34 NY2d 338, 341[1974]; *see also Putrino v Buffalo Ath. Club*, 82 NY2d 779, 781 [1993]).

CPLR § 4518(a) provides in part, "any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter..." "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 652 [2d Dept 2016], quoting *Citibank, N.A. v Cabrera*, 130 AD3d 861 [2d Dept 2015], citing *Palisades Collection, LLC v Kedik*, 67 AD3d 1329, 1331 [4th Dept 2009]).

"The essential elements of a cause of action to recover damages for breach of contract are: (1) the existence of a contract[;] (2) the plaintiff's performance pursuant to the contract[;] (3) the defendant's breach of its contractual obligations[;] and (4) damages resulting from the breach" (*see Kollatz v KOS Bldg. Group, LLC*, 118 AD3d 1175, 1177 [2d Dept 2020] [internal quotation marks omitted]). "On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (*Encore Nursing Ctr. Partners Ltd. Partnership-85 v Schwartzberg*, 172 AD3d 1166, 1168 [2d Dept 2019] [internal quotation marks omitted]).

"'The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury.' To determine whether a transaction constitutes a usurious loan: 'The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy'" (*see Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022], quoting *LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 664, 665, 666 [2d Dept 2020]; *see also Donatelli v Siskin*, 170 AD3d 433, 434 [2d Dept 1991]). Further, "there is a strong presumption against a finding of usury, and at trial..." the party claiming usury will be required to establish usury by clear and convincing evidence (*see Ujeta v Euro-Quest Corp.*, 29 AD3d 895, 896 [2d Dept 2006], citing *Mahler v Bernsley* 265 AD2d 531 [2d Dept 1999]).

3

Plaintiff has met its prima facie burden in establishing entitlement to a grant of summary judgment. The affidavit provided by Plaintiff in support of its motion was made by its Director of Collections & Servicing, and it establishes that the records attached as exhibits were made in accordance with the company's business and record keeping practices. Thus, contrary to the Defendants' contention, the affidavit has in fact properly laid the foundation to introduce as evidence the parties' agreement and payment history which were attached as exhibits. Plaintiff's evidence establishes, prima facie, that Company Defendant breached the agreement and that Guarantor breached the guaranty. Moreover, Plaintiff is also correct in its assertion that the remaining affirmative defenses in the Defendants' answer are boilerplate, lack any explanation, and go unaddressed in their opposition (see *Starkman v City of Long Beach*, 106 AD3d 1076, 1078 [2nd Dept 2013]). Consequently, the Defendants' opposition to fails to raise any triable issues of fact to Plaintiff's prima facie showing. Thus, granting Plaintiff's prima motion for summary judgment is proper.

With respect to Motion Sequence No. 002, this Court's Order to Show Cause (hereinafter, OSC) dated April 30, 2024 provided, in pertinent part,

> ORDERED that moving counsel shall file an Affidavit of Service evidencing proof of service upon Defendants, D-K Recycling LLC d/b/a D-K Recycling LLC and Bob Calvert Jr. via regular mail, certified mail return receipt (including tracking number and proof of delivery) and via overnight delivery with delivery confirmation (including tracking number and proof of delivery) on or before May 21, 2024.

Accordingly, this Court requested that Defendants' counsel serve his client in three (3) ways, via regular mail, certified mail, return receipt requested and via overnight delivery with delivery confirmation. Defendants' counsel only served his clients via certified mail (NYSCEF Docket Entry No. 53). The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with. *Rotanelli v Board of Elections of Westchester County*, 109 AD3d 562 [2d Dept 2013]; *Codrington v Citimortgage, Inc.*, 118 AD3d 843 [2d Dept 2014].

The Court finds that Defendants' counsel failed to provide this Court with proof that the service provisions of the OSC were complied with and failed to contact this Court to request an alternative method of service. As Defendants' counsel failed to comply with the service provisions of the OSC, his application must be denied.

Accordingly, it is hereby

**ORDERED** that Plaintiff, FORA FINANCIAL ASSET SECURITIZATION 2021, LLC's motion for summary judgment (Motion Sequence No. 001) is hereby **GRANTED;** and it is further

**ORDERED** that upon service of a copy of this order with notice of entry, the Nassau County Clerk is directed to enter judgment against Defendants, D-K RECYCLING, LLC d/b/a D-K RECYCLING LLC and BOB CALVERT, JR., jointly and severally, in the amount of **$52,963.69** plus interest from December 5, 2022, costs and disbursements; and it is further

4

**ORDERED** that the Order Show Cause by the LAW OFFICE OF DOMINICK DALE ESQ., to be relieved as counsel for the Defendants (Motion Sequence No. 002) is hereby **DENIED**; and it is further

**ORDERED** that any relief not specifically addressed herein is **DENIED**.

This constitutes the Decision and Order of the Court.

Dated:  August 29, 2024
        Mineola, New York

E N T E R:

_____
HON. EILEEN C. DALY-SAPRAICONE, J. S. C.

5

[* 5]