| **Louis v Diaz** |
|:---:|
| 2025 NY Slip Op 31470(U) |
| April 24, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No.512541/25 |
| Judge: Lawrence Knipel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At the Special Election Part 1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 24th day of April, 2025.

P R E S E N T:

HON. LAWRENCE KNIPEL,

                 Justice.

-------------------------------------------------------------------------X

FARAH N. LOUIS,

                         Candidate Aggrieved,
                         Petitioner,

         -against-

                         Index No.: 512541/25

JOSHUA ELIJAH DIAZ,

                     Respondent-Candidate,

         -and-

NEW YORK CITY BOARD OF ELECTIONS,

                     Respondents,

For an Order pursuant to sections 16-100, 16-102 and 16-116 of the Election Law, Declaring Invalid the Designating Petition Purporting to Designate the respondent-candidate for the Public Office or party position of member of the City Council in the 45th Council District, Borough of Brooklyn, Kings County, New York in the Republican Primary Election to be held June 24, 2025 and to Restrain the said Board of Elections from Printing and Placing the Names of said Candidate Upon the official Ballots of Such Primary Election.

-------------------------------------------------------------------------X

The following e-filed papers read herein:        NYSCEF Doc Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____     1-7, 11-12
Opposing Affidavits/Answer (Affirmations)_____    8-10
Affidavits/ Affirmations in Reply _____
Other Papers: Specification of Objections _____

[* 1]

Upon the foregoing papers and after oral argument conducted on the record before the court on April, 21, 2025, the court rules as follows:

## *Background Facts and Procedural History*

On or about March 31, 2025, Respondent-Candidate Joshua Elijah Diaz (respondent-candidate) filed with the Board of Elections in the City of New York (the Board) a designating petition seeking to place him on the ballot in the June 24, 2025 Republican Party Primary Election for the public office of member of the City Council from the 45th Council District. On April 15th, 2025, aggrieved candidate-petitioner Farah N. Louis (petitioner) commenced the instant invalidating proceeding pursuant to Election Law §16-102 seeking an order declaring the underlying designating petition to be invalid.[1] Among other things, petitioner filed a verified petition and proposed order to show cause. Petitioner also filed a verified bill of particulars which alleged that 450 valid signatures are required for placement on the ballot for this office and that the entire designating petition contained only 25 signatures in total.[2] With respect to the proposed order to show cause, the relevant service provision directed service of a copy of the order to show cause, together with a copy of the papers upon which it is granted:

"(2) Upon the Respondents—Objectors by;

(a) Enclosing the same in a securely sealed and duly postpaid wrappers addressed to such respondent-objectors at the address set forth in said purported objections and by mailing/sending the same by overnight UPS, FedEx or any other recognized next day courier with no receiving signatures required on or before April 15th 2025."

---

[1] No specifications of objections were filed with the Board.

[2] In fact, 327 valid signatures are required for placement on the ballot for the subject office.

2

[* 2]

On April 15, 2025, the court signed the order to show cause without changing this service provision.

On April 20, 2025, respondent-candidate filed a verified answer which raised a number of affirmative defenses. In particular, the answer alleged that the court lacked personal jurisdiction over respondent-candidate because the order to show cause directed service upon "respondent-objectors at the addresses set forth in said purported objections" and there are no respondent-objectors or objections in this case. In addition, the answer alleged the petition was not properly verified since the verification incorrectly identified petitioner as a "plaintiff" and the verification page was used in two other invalidating proceedings brought by petitioner under Kings County Index Nos. 512516/25 and 512532/25. In support of this latter contention, respondent-candidate submitted a report by a handwriting expert which states that the verification page in all three proceedings are identically overlayed and therefore, the verification in either two or all of these proceedings is fraudulent.

On April 21, 2021, petitioner filed an affidavit of service by a process server which indicates that on April 18, 2025, he served an "order to show cause to invalidate/RJI and supporting papers by mailing same in sealed envelope, with postage prepaid thereon, at a post-office or official depository of the US Postal Service to Joshua E. Diaz, 554 East 16th Street, Bklyn NY 11226, Apt. 4." However, a FedEx receipt dated April 15, 2025 was attached to this affidavit indicating that a package was sent to respondent-candidate by FedEx Standard Overnight at an address listed at 594 East 16th Street, Apt. 4, Brooklyn,

3

[* 3]

NY 11226. Also on April 21, 2025, the parties appeared before the court and oral argument was held regarding the defenses raised in respondent-candidate's answer.

After oral argument, given the conflicting evidence between the process server's affidavit and the FedEx receipt regarding the date and method of service, the court set the matter down for a Traverse Hearing. The court further directed that the issue regarding whether or not the same verification sheet was used in three different invalidating proceedings be set down for a hearing. Finally, the court reserved judgment on the remaining issues raised in respondent-candidate's answer.

### *Findings and Rulings*

"To properly institute a proceeding to [invalidate] under Election Law § 16-102, a petitioner must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102 (2)" (*Matter of Sweat v Dutchess County Bd. of Elections*, 220 AD3d 828, 829 [2d Dept 2023] [citations omitted]). "The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (*Matter of Rotanelli v Board of Elections of Westchester County*, 109 AD3d 562, 562 [2d Dept 2013] [internal quotation marks omitted]. "Service within the statutory period by means other than those authorized by the order to show cause does not bring a respondent within the court's jurisdiction" (*id.* at 563). Further, where "the proposed order to show cause submitted to the court for signature, and the order to show cause signed by the court could not be complied with," the proceeding is jurisdictionally defective and must be dismissed (*Matter of Stark v Williams*, 216 AD3d 859, 861 [2d Dept 2023]).

4

[* 4]

Here, as noted above, the proposed order to show cause presented to the court and the signed order to show cause directed that service be made upon the "respondent-objectors at the addresses set forth in said purported objections." However, this directive could not have been complied with since there are no respondent-objectors in this matter and therefore, any addresses set forth in their objections are non-existent (*see Matter of Stark*, 216 AD3d at 861).[3] This constitutes a fatal jurisdictional defect. Accordingly, it is hereby

**ORDERED** that petitioner's petition to invalidate respondent candidate's Designating Petition is denied and dismissed.

This constitutes the decision and final order of the court.

ENTER FORTHWITH

J. S. C

**Justice Lawrence Knipel**

---

[3] Given the fact that the service directed in the order to show cause could not have been completed, there is no need to conduct a Traverse hearing in this matter. Further, inasmuch as the instant proceeding has been dismissed based upon lack of jurisdiction, the remaining defenses/issues, including the improper verification, raised by respondent-candidate in his answer are academic.

5

[* 5]